118 T.C. No. 36


UNITED STATES TAX COURT


HAROLD F. BEHLING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4242-01L.                 Filed June 17, 2002.



      R disallowed a loss claimed by P on his Federal
income tax return and issued a notice of deficiency.  P
received the deficiency notice and corresponded with R
regarding the loss.  R advised P that R would not
change R's determination.  R also advised P of the
deadline for filing a petition for redetermination with
this Court.  P, however, did not file a petition, and R
assessed the deficiency.

      Subsequently, R filed a notice of Federal tax lien
and provided P with notice of such filing.  P filed a
request for an administrative hearing.  During the
course of the hearing, R's Appeals officer considered
the merits of the loss.  In the notice of
determination, R informed P that the notice of Federal
tax lien would not be withdrawn because P had failed to
demonstrate that he was entitled to the loss.

P filed a Petition for Lien or Levy Action that was limited to allegations challenging R's disallowance of the loss.  Subsequently, R filed a motion for summary judgment.

Held:  Because P received the deficiency notice and had an opportunity to dispute R's determination, P is statutorily barred from challenging the existence or amount of his liability in this proceeding.  Sec. 6330(c)(2)(B), I.R.C.  The fact that R's Appeals officer considered the merits of the loss at the administrative hearing and the further fact that the notice of determination addressed those merits do not constitute a waiver of the statutory bar.

Held, further, sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs., is reasonable and consistent with sec. 6330(c)(2)(B), I.R.C., and its validity is sustained.

Harold F. Behling, pro se.

Pamela J. Sewell, Sheara L. Gelman, and Alan Levine for respondent.

OPINION

DAWSON, Judge:  This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion for Summary Judgment, filed pursuant to Rule 121(a).  Respondent contends that there is no genuine issue as to any material fact and that the notice of determination should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that there is no genuine issue as to any

material fact and that a decision may be rendered as a matter of law. As explained below, we shall grant respondent's Motion for Summary Judgment.

## Background

On March 17, 1997, respondent issued a joint notice of deficiency to Harold F. Behling (petitioner) and his wife. In the notice, respondent determined a deficiency of $5,179 in their Federal income tax for the taxable year 1993. The deficiency was based on respondent's disallowance of a flow-through loss claimed by petitioner in respect of Behling Automotive, Inc., an S corporation (hereinafter the S corporation). In this regard, respondent determined that petitioner had previously exhausted his basis in the S corporation.

On March 24, 1997, petitioner wrote a letter to respondent referencing the notice of deficiency. In the letter, petitioner stated that he wished to file an amended return for 1993 and requested a further explanation of the determined deficiency. On May 2, 1997, respondent wrote to petitioner informing him that his proposed amended return would not change respondent's determination in the notice of deficiency and that the time for filing a petition for redetermination with the Tax Court would expire on June 17, 1997. Petitioner did not file a petition with the Court challenging the notice of deficiency. Accordingly, on August 1, 1997, respondent assessed the deficiency (and statutory

interest) against petitioner.

On August 28, 2000, respondent filed with the Emery County Recorder in Castledale, Utah, a Form 668(Y)(c), Notice of Federal Tax Lien, which disclosed that petitioner had an outstanding Federal income tax liability of $6,937.87 for 1993. Respondent timely issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On September 14, 2000, petitioner filed with respondent a Request for a Collection Due Process Hearing, Form 12153, that included allegations challenging the existence and amount of his tax liability for 1993.

On January 17, 2001, the Internal Revenue Service Office of Appeals in Salt Lake City conducted an administrative hearing that petitioner attended. On January 22, 2001, Appeals Officer Robert White wrote a letter to petitioner stating, in part, that he would recommend that the assessment made against petitioner for 1993 be abated. However, the Appeals officer's recommendation to abate the assessment was ultimately rejected by his supervisor.

By notice of determination dated March 15, 2001, respondent informed petitioner that the notice of lien filed against him would not be withdrawn because petitioner failed to show that he had sufficient basis in the S corporation to cover the loss claimed on his 1993 return.

Petitioner filed with the Court an imperfect Petition for Lien or Levy Action Under Section 6320(c) or 6330(d),[2] and, later, an amended petition. The amended petition is limited to allegations challenging the existence and amount of petitioner's tax liability for 1993.

After respondent filed an answer to the petition, respondent filed a Motion for Summary Judgment. In short, respondent contends that petitioner's challenge to the existence and/or amount of his tax liability for 1993 is not properly before the Court in this proceeding, and petitioner otherwise failed to raise a valid issue for judicial review. Petitioner filed an objection to respondent's motion. Petitioner maintains that he has proven that he had sufficient basis in the S corporation to cover the loss claimed on his 1993 tax return.

This matter was called for hearing at the Court's motions sessions held in Washington, D.C. Petitioner and counsel for respondent appeared at the hearing and presented arguments in respect of respondent's motion.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and

---

[2] At the time that the petition was filed, petitioner resided in Ferron, Utah.

the person fails to pay those taxes.  The lien arises when the assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed.  Sec. 6320(a)(2).  Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above.  Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did

not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Goza v. Commissioner, 114 T.C. 176, 180-181 (2000); see Sego v. Commissioner, 114 T.C. 604, 609 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal District Court.

Respondent asserts that there is no dispute as to a material fact and respondent is entitled to judgment as a matter of law because section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liability for 1993 in this proceeding. Respondent further asserts that petitioner has not raised a valid issue for review; i.e., a spousal defense, a challenge to the appropriateness of the collection action, or an alternative means of collection.

The record in this proceeding shows that respondent issued a notice of deficiency to petitioner for 1993 disallowing the flow-through loss claimed by him in respect of the S corporation. The record also shows that although petitioner promptly received the notice of deficiency, he did not file a petition for redetermination with the Court challenging the notice. Under such circumstances, section 6330(c)(2)(B) plainly states that petitioner is barred from challenging the existence or amount of his tax liability for 1993 in this proceeding. See Goza v. Commissioner, supra at 182-183; see also Sego v. Commissioner,

supra at 610.

We observe that the facts here differ in one respect from the facts in Goza v. Commissioner, supra. Specifically, the taxpayer in Goza was not permitted to challenge the existence or amount of his underlying tax liability during the administrative hearing. By contrast, the Appeals officer in the instant case did permit petitioner to present information regarding the amount of his tax liability during the administrative hearing. In this regard, the notice of determination issued to petitioner makes specific reference to petitioner's failure to provide substantiation of his basis in the S corporation.

In Sego v. Commissioner, supra, the taxpayers may have been permitted to challenge the existence or amount of their underlying tax liability during the administrative hearing. In this regard, we note that the notice of determination that the Appeals Office issued to the taxpayer-husband in that case stated, in part, as follows:

> Challenges to the existence or amount of liability were raised * * * .
>
> *       *       *       *       *       *       *
>
> The assessments are deemed correct because you have failed to present any credible evidence to overcome the Commissioner's presumption of correctness. You have continued to procrastinate with regards to providing additional information or evidence to support your position.

Nevertheless, in Sego v. Commissioner, supra, this Court held,

inter alia, that section 6330(c)(2)(B) barred the taxpayers from challenging the existence or amount of their underlying tax liability in the judicial proceeding.

Respondent maintains that section 6330(c)(2)(B) remains a bar to petitioner's attempt in the present proceeding to challenge the amount of his underlying liability for 1993. Specifically, respondent cites and relies on section 301.6320-1(e)(3), Q&A-E11, Proceed. & Admin. Regs.[3]  The regulation states as follows:

> Q-E11.  If an Appeals officer considers the merits of a taxpayer's liability in a CDP hearing when the taxpayer had previously received a statutory notice of deficiency or otherwise had an opportunity to dispute the liability prior to the NFTL [notice of Federal tax lien], will the Appeals officer's determination regarding those liability issues be considered part of the Notice of Determination?
>
> A-E11.  No.  An Appeals officer may consider the existence and amount of the underlying tax liability as a part of the CDP hearing only if the taxpayer did not receive a statutory notice of deficiency for the tax liability in question or otherwise have a prior opportunity to dispute the tax liability.  Similarly, an Appeals officer may not consider any other issue if the issue was raised and considered at a previous

---

[3]  The regulation applies to any notice of Federal tax lien that is filed on or after Jan. 19, 1999.  Sec. 301.6320-1(j), Proceed. & Admin. Regs.  The lien in the present case was filed on Aug. 28, 2000.

We note that the final regulation added Q&A-E11 to sec. 301.6320-1(e)(3), Proceed. & Admin. Regs., which Q&A had not previously been part of the temporary regulation.  See sec. 301.6320-1T(e)(3), Temporary Proceed. & Admin. Regs., 64 Fed. Reg. 3403 (Jan. 22, 1999); see also T.D. 8979, 2002-6 I.R.B. 466, 468(discussing the addition of Q&A-E11 to the final regulation).

hearing under section 6330 or in any other previous administrative or judicial proceeding in which the person seeking to raise the issue meaningfully participated. In the Appeals officer's sole discretion, however, the Appeals officer may consider the existence or amount of the underlying tax liability, or such other precluded issues, at the same time as the CDP hearing. Any determination, however, made by the Appeals officer with respect to such a precluded issue shall not be treated as part of the Notice of Determination issued by the Appeals officer and will not be subject to any judicial review. Because any decisions made by the Appeals officer with respect to such precluded issues are not properly a part of the CDP hearing, such decisions are not required to appear in the Notice of Determination issued following the hearing. Even if a decision concerning such precluded issues is referred to in the Notice of Determination, it is not reviewable by a district court or the Tax Court because the precluded issue is not properly part of the CDP hearing.

The regulations under section 6330 are interpretative regulations. They must be upheld "unless unreasonable and plainly inconsistent with the revenue statutes". Commissioner v. South Tex. Lumber Co., 333 U.S. 496, 501 (1948).

Applying the above-referenced standard to section 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs., we hold that the regulation is not unreasonable or plainly inconsistent with section 6330.[4] To the contrary, the regulation is consistent

---

[4] Although the regulation provides guidance to taxpayers that accurately describes the procedures the Internal Revenue Service may follow, it is for this Court rather than the Commissioner to decide the scope of our jurisdiction with respect to applicable statutes enacted by Congress. See sec. 7442. Therefore, we interpret the regulation's references to "judicial review" as signifying that the Commissioner does not intend, when he considers a taxpayer's underlying tax liability in a sec. 6330 hearing involving facts similar to those herein, to waive the

(continued...)

with the plain language of section 6330(c)(2)(B), which states that neither the existence nor the amount of the underlying tax liability can be challenged during the collection review process unless the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. From the Court's perspective, section 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs., presents a reasonable and "taxpayer-friendly" approach to the collection review process reflecting "respondent's good-faith effort to further a fundamental policy underlying section 6330; i.e., to provide a taxpayer with a final opportunity for administrative review" of his or her tax liability. Kennedy v. Commissioner, 116 T.C. 255, 262 (2001). As in Kennedy, in which we held that the Commissioner's decision to grant the taxpayer a so-called "equivalent hearing" did not result in a waiver by the Commissioner of the 30-day time limit within which the taxpayer was required to request an Appeals Office hearing, we hold in this case that respondent's decision to permit petitioner to offer information at the Appeals Office hearing relevant to the existence or amount of his underlying tax liability did not result in a waiver by respondent of the restriction set forth in section 6330(c)(2)(B).

---

[4](...continued)
limitations imposed by sec. 6330(c)(2)(B) or sec. 6330(c)(4).

In sum, petitioner is statutorily barred from challenging the existence or amount of his income tax liability for 1993 in this proceeding.  Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Accordingly, in the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated March 15, 2001.

To order to give effect to the foregoing,

An order granting respondent's Motion For Summary Judgment and decision for respondent will be entered.