T.C. Summary Opinion 2003-152


UNITED STATES TAX COURT



OLEN W. AND GWENDOLYN WILBORN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6805-02S.          Filed October 15, 2003.


Olen W. and Gwendolyn Wilborn, pro sese.

John F. Driscoll, for respondent.



WHERRY, Judge:  This case is before the Court on
respondent's Motion For Summary Judgment under Rule 121.[1]  The
petition was filed pursuant to the provisions of section 7463.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.  The instant
proceeding arises from a petition for judicial review filed in

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, and Rule references
are to the Tax Court Rules of Practice and Procedure.

response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

## Background

On April 12, 1999, respondent assessed $1,846.02 pertaining to petitioners' Federal income tax liabilities for the 1996 year. Thereafter, on February 25, 2000, respondent issued to petitioners separate identical notices of deficiency for the taxable year 1997. The notices reflected a deficiency of $24,773 and an accuracy-related penalty under section 6662(a) of $4,234. The notices were sent by certified mail to petitioners at P.O. Box 425, Magee, Mississippi 39111-0425-257. In response to the notices of deficiency, petitioners apparently prepared a petition to the Tax Court for redetermination. They attached to their pleadings in the instant collection case a copy of a petition with respect to the deficiency signed and dated March 18, 2000. Such a petition, however, was never in fact filed with this Court, and no deficiency proceedings were instituted. Respondent assessed an unpaid balance of $34,760.65 with respect to 1997 on July 17, 2000.

On or about December 5, 2000, respondent issued to petitioners a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to their 1996 and 1997 taxable years. Subsequently, on March 29, 2001, respondent sent to petitioners separate Notices of Federal Tax Lien Filing and

Your Right to a Hearing Under IRC 6320 with respect to the 1996 and 1997 years.

Petitioners then submitted a Form 12153, Request for a Collection Due Process Hearing, which was received by respondent on April 27, 2001. On the Form 12153 petitioners checked boxes indicating disagreement with both a "Filed Notice of Federal Tax Lien" and a "Notice of Levy/Seizure". They also attached a statement explaining that their reasons for disagreeing included that they were never given the Tax Court hearing they requested on March 18, 2000, and that they primarily disputed the disallowance in its entirety of $53,541 claimed in 1997 as cost of good sold.

In response to that portion of petitioners' request which related to the notice of intent to levy, respondent held a so-called equivalency hearing and, on January 24, 2002, issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 concluding that the subject levy was an appropriate collection action. In response to that portion of petitioners' request which pertained to the notices of lien filing, respondent held a "Collection Due Process" hearing and sent to petitioners a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 dated February 28, 2002. An attachment to the notice of determination explained in relevant part as follows:

In their protest Taxpayer stated that they did not agree with the lien filing because they were never given a Tax Court hearing in Mobile, AL as they had requested in a timely filed petition. Taxpayer provided a copy of the petition that was mailed to the Tax Court. In their petition Taxpayer had disagreed with the audit adjustment to disallow the cost of good sold in its entirety. It was decided to give the Taxpayer the benefit of a doubt and consider the cost of good sold issue. Taxpayer provided documentation to substantiate material cost of $31,365.45. The SND was revised to reflect the allowance of the COGS. This adjustment reduces the amount of tax owed for 1997 from $24,773 to $12,478 and the penalty associated with the adjustment to be abated is $4,234.

Taxpayer was told of the recommendation to reduce the liability for 1997. Taxpayer-wife had stated several times that she was going to try and borrow some money to pay part of the liability and set the balance on payments. A copy of the revised audit report was mailed to Taxpayer along with the Form 12257. Taxpayer-wife called to discuss the form and was given two weeks to sign and return the waiver or a determination letter would be issued.

From the best information available it appears that all required legal procedures were followed by the Internal Revenue Service in issuing the Notice of Federal Tax Lien and advising Taxpayer of their Appeal right. Taxpayer had raised the liability issue for one year, which was considered. The Notice of Federal Tax Lien should not be withdrawn. The lien was properly file to secure the Government's priority position. This action balances the need for the efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. [Reproduced literally.]

On March 29, 2002, petitioners filed with this Court a petition that on its face challenges the "Notice of Determination - 2/28/02" with respect to the year "1997". Attached to the petition is an explanation of petitioners' position which mentions once again the lack of a Tax Court proceeding in

response to their 2000 petition; acknowledges that respondent considered and allowed at the "Collection Due Process Hearing" a portion of the disputed cost of goods sold; argues that respondent did not consider other issues that petitioners wished to raise, such as deductions in 1997 for gambling losses, State income taxes, and mortgage interest; and contends that "a levy against petitioners' current income would indeed be 'more intrusive than necessary.'" Petitioners then allude to several items of real property and state: "What the petitioners want is for the levy against current earnings to be delayed until the correct amount of deficit has been determined and until they can sell the property or mortgage it to pay the deficit." The attachment also clarifies that "petitioners are not challenging any of the $1,846 alleged to be owed for 1996".

Respondent on July 18, 2003, filed a Motion To Dismiss For Lack of Jurisdiction As To Petitioners' I.R.C. § 6330(a) Claim. The Court granted respondent's motion on grounds that petitioners' request for a hearing as to the levy was not timely submitted to respondent within the time period prescribed by statute. See sec. 6330(a)(3)(B); Kennedy v. Commissioner, 116 T.C. 255, 261-262 (2001). Respondent on September 15, 2003, filed the instant motion for summary judgment. Petitioners were ordered to file any response to this motion on or before October 6, 2003, but no such response has been received by the Court.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).  The Court has considered the pleadings and other materials in the record and concludes that there is no genuine justiciable issue of material fact in this case.

I.  Collection Actions--General Rules

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where

there exists a failure to pay any tax liability after demand for payment. The lien generally arises at the time assessment is made. Sec. 6322. Section 6323, however, provides that such lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public officials. Section 6320 then sets forth procedures applicable to afford protections for taxpayers in lien situations.

Section 6320(a)(1) establishes the requirement that the Secretary notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323. This notice required by section 6320 must be sent not more than 5 business days after the notice of tax lien is filed and must advise the taxpayer of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals. Sec. 6320(a)(2) and (3). Section 6320(b) and (c) grants a taxpayer, who so requests, the right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> > (1) Requirement of investigation.--The appeals officer shall at the hearing obtain

verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a U.S. District Court. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative

determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

II. Review of Underlying Liability

Petitioners seek to challenge in this proceeding the amount of their underlying tax liability for 1997. The record, however, makes clear that petitioners received a notice of deficiency for 1997. Identical notices were sent to what respondent alleges and petitioners do not dispute was their last known address. See sec. 6212(b). That address is the same address as petitioners have indicated to the Court should be used for correspondence in connection with this case. Moreover, petitioners in fact received one or both of the statutory notices in time to prepare and sign on March 18, 2000, a timely Tax Court petition. See sec. 6213(a). The reason why this petition was never actually filed with the Court is not explained by the record, but it is clear that petitioners failed to follow up adequately on their submission to ensure its receipt and filing.

Accordingly, because a statutory notice of deficiency for 1997 was received by petitioners, they are precluded by section 6330(c)(2)(B) from challenging their underlying liability for that year in this proceeding. Furthermore, this preclusion mandated by statute is not altered or waived by the fact that the Appeals officer chose to consider at the collection hearing matters related to petitioners' liability. See Behling v. Commissioner, 118 T.C. 572, 577-579 (2002). Petitioners'

contentions regarding items such as deductions for 1997 are not properly at issue and cannot be addressed here. Petitioners have also expressly conceded any challenge to the balance due for 1996. We therefore review respondent's determination solely for abuse of discretion.

III. <u>Review for Abuse of Discretion</u>

With respect to issues subject to review in collection proceedings for abuse of discretion, petitioners have at no time raised a spousal defense. Nor have they offered any specific, concrete collection alternatives. Although petitioners in their petition generally allude to the possibility of selling or mortgaging real property, they have not proposed any actual plan or arrangements for satisfying their tax liabilities. They also apparently broached at their Appeals hearing but failed to follow through on borrowing funds to pay a portion of the debt. Hence, the record does not reveal that respondent inappropriately rejected any bona fide collection alternative.

Concerning challenges to the appropriateness of collection actions, the petition complains about intrusiveness. To the extent that this complaint pertains to the levy action, the issue is not before us. To the extent that the complaint can be interpreted to encompass the lien action, we conclude that, in light of the absence of any definite collection alternatives, the filing of a lien properly balances the competing concerns of efficient collection and intrusiveness.

As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Accordingly, having considered those matters set forth in petitioners' pleadings, the Court concludes that respondent's determination to proceed with collection was not an abuse of discretion. Respondent's motion for summary judgment will be granted.

To reflect the foregoing,

An appropriate order
granting respondent's motion
for summary judgment and
decision for respondent will
be entered.