T.C. Memo. 2004-38

UNITED STATES TAX COURT

LESLIE M. HILTZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14804-02L.                    Filed February 17, 2004.

Leslie M. Hiltz, pro se.

<u>Jennifer S. McGinty</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination sustaining the filing of a Federal tax lien with respect to petitioner's 1987 income tax.[1]

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

The parties have stipulated most of the facts, which we incorporate herein by this reference. When petitioner filed his petition, he resided in Bergen, New York.

A. 1987 Notice of Deficiency

Petitioner and his wife, Carole E. Hiltz (Carole), timely filed a joint 1987 Federal income tax return. By notice of deficiency dated December 6, 1993, respondent determined a $5,358 deficiency and a $1,340 section 6661 addition to tax with respect to petitioner and Carole's 1987 joint tax.[2] Petitioner received the notice of deficiency but did not petition the Tax Court.

B. Bankruptcy Proceedings

On August 12, 1992, petitioner and Carole filed a petition for chapter 11 bankruptcy in the U.S. Bankruptcy Court in the Western District of New York. On January 11, 1994, the bankruptcy court entered a final decree dismissing the chapter 11 bankruptcy case. Petitioner and Carole's 1987 tax liability was not discharged in the chapter 11 bankruptcy case.

On March 21, 1995, Carole (alone) filed a petition for chapter 7 bankruptcy. On July 7, 1995, in the chapter 7

---

[2] The deficiency resulted from the disallowance of a claimed loss that petitioner and Carole attempted to carry back from 1990 to 1987.

proceeding, the bankruptcy court discharged Carole's 1987 tax liability.

C.   Notice of Federal Tax Lien

On September 8, 2000, respondent mailed to petitioner and Carole a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. § 6320 regarding the 1987 tax liability.

D.   Appeals Office Hearings

On September 25, 2000, petitioner and Carole timely filed a Form 12153, Request for a Collection Due Process Hearing.  On January 25 and March 19, 2002, petitioner met with Appeals Officer Ronald Szalkowski (AO Szalkowski) and discussed the 1987 tax liability and the possibility of entering into an installment agreement.  AO Szalkowski subsequently prepared an installment agreement and forwarded it to petitioner, who rejected it because it reflected a greater balance due than he had anticipated.

E.   Notice of Determination

In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated August 16, 2002, respondent determined that the legal, administrative, and procedural requirements for proceeding with collection by lien of petitioner's and Carole's 1987 income tax had been met.

On September 17, 2002, petitioner and Carole timely filed a petition in this Court.  Respondent moved to dismiss this case as to Carole because her underlying tax liability had been

discharged in her chapter 7 bankruptcy proceeding. After a hearing, this Court granted respondent's motion.[3]

OPINION

A. Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay taxes after demand for payment has been made. The lien arises when assessment is made and continues until the assessed liability is paid. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien and, within 5 business days thereafter, provide written notice to the taxpayer. Secs. 6320(a), 6323(a). The taxpayer may then request an administrative hearing before an Appeals officer. Sec. 6320(b)(1). Once the Appeals officer issues a determination, the taxpayer may seek judicial review in the Tax Court or a district court, as appropriate. Secs. 6320(c), 6330(d)(1).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. The existence or amount of the underlying tax liability may be contested at an Appeals Office hearing only if the taxpayer did

---

[3] Respondent has released the Federal tax lien as to Carole.

not receive a notice of deficiency or did not otherwise have an opportunity to dispute that tax liability.  Sec. 6330(c)(2)(B); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).

If the validity of the underlying tax liability is properly at issue, we review that issue de novo.  See Sego v. Commissioner, supra at 609-610.  Other issues we review for abuse of discretion.  Id.

B.   Petitioner's Contentions

1.   Underlying Tax Liability

In his petition, petitioner challenges his underlying 1987 tax liability.  Because petitioner received a notice of deficiency for the 1987 tax year, he is not entitled to challenge the existence or amount of his 1987 tax liability in this collection proceeding.  See secs. 6320(c), 6330(c)(2)(B); Sego v. Commissioner, supra at 609; Goza v. Commissioner, supra at 180-181.[4]

2.   Installment Agreement

AO Szalkowski considered alternative means of collection and prepared an installment agreement, which petitioner ultimately

---

[4] AO Szalkowski reviewed the underlying 1987 tax liability despite petitioner's receipt of the 1987 notice of deficiency. This action does not constitute a waiver of the statutory bar and does not empower this Court to review petitioner's challenge to his underlying tax liability.  See Behling v. Commissioner, 118 T.C. 572, 577-579 (2002); sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs.

rejected on the ground that he thought the total installment payments required were excessive. The record provides no basis for concluding that the balance due, as reflected in the installment agreement, exceeded petitioner's then-current balance for the 1987 tax, penalties, and interest. To the contrary, the limited evidence in the record suggests that the difference between what petitioner believed his 1987 tax liability to be and the amount shown on the proposed installment agreement was attributable to the running of interest (which is running yet, see section 6601(a)). On this record, we conclude that AO Szalkowski did not abuse his discretion in determining that collection action may proceed against petitioner.

C.   Conclusion

Petitioner has raised no spousal defense and made no valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4). We hold that respondent did not abuse his discretion in sustaining the filing of a Federal tax lien with respect to petitioner's 1987 income tax.

To reflect the foregoing,

Decision will be
entered for respondent.