T.C. Summary Opinion 2007-67


UNITED STATES TAX COURT


ROBERT LINDLEY COWLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24013-05S.          Filed April 26, 2007.


Robert Lindley Cowley, pro se.

<u>Jonathan J. Ono</u>, for respondent.


HAINES, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1990, 1997, 1999 (years at issue).[1] Pursuant to section 6330(d), petitioner seeks review of respondent's determination. The issue for decision is whether petitioner is entitled to any relief from respondent's determination that collection may proceed.

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Honolulu, Hawaii, when he filed his petition.

Petitioner did not file a Federal income tax return for 1990 and did not make estimated tax payments for 1990. Respondent filed a substitute for return on June 7, 1993. Respondent mailed petitioner notices of deficiency for 1990 on June 25 and November 9, 1993, to two separate addresses, determining that petitioner owed a deficiency of $2,598, as well as additions to tax under sections 6651(a) and 6654(a) of $650 and $171, respectively. Petitioner did not file a petition with the Court to redetermine the deficiency. On August 15, 1994, respondent assessed the tax liability including penalties and interest for 1990.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

On March 13, 2003, petitioner submitted a Form 656, Offer in Compromise (first offer-in-compromise), with completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, offering $600 to compromise his outstanding tax liabilities for 1990 through 2002.

On March 31, 2003, petitioner filed Form 1040, U.S. Individual Income Tax Return, for 1999, reporting a tax liability of $3,059 and payments of $2,752 and $1,292, which represented tax withheld from 1999 and an overpayment credit from 1998, respectively. Respondent disallowed the $1,292 overpayment credit pursuant to section 6511.[2]

On April 28, 2003, the first offer-in-compromise was returned because petitioner failed to file a Form 1040 for 1997.

On May 19, 2003, respondent assessed tax liabilities along with penalties and interest for 1999.

On June 25, 2003, petitioner submitted a second Form 656 with a completed Form 433-A (second offer-in-compromise), offering $200 to compromise his tax liabilities for 1980 through 2002.

---

[2] The Internal Revenue Service determined the return for 1998 was not filed within 2 years from the time the tax was paid. Petitioner's credit from withheld taxes and excess FICA for 1998 was paid on April 15, 1999, and his 1998 Federal income tax return was filed on May 5, 2003.

On June 27, 2003, respondent received petitioner's Form 1040 for 1997, reporting a tax liability of $2,069. He did not make any estimated payments for 1997.

On July 28, 2003, the second offer-in-compromise was returned because petitioner failed to file a Form 1040 for 1997. Although respondent received the Form 1040 for 1997 on June 27, 2003, it was not processed until August 18, 2003. On August 18, 2003, respondent assessed the tax liability including penalties and interest for 1997.

On November 25, 2003, petitioner submitted a third Form 656 with a completed Form 433-A (third offer-in-compromise). The third offer-in-compromise was rejected because the amount offered was less than the reasonable collection potential.[3]

On October 13, 2004, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien) for the years at issue. The notice of Federal tax lien advised petitioner he was entitled to request a hearing to appeal the collection action and to discuss optional payment methods. On November 15, 2004, petitioner submitted Form 12153, Request for a Collection Due Process Hearing. In his request, petitioner asserted he earned

---

[3] Petitioner was mailed his last rejection letter on Dec. 22, 2004, which gave him 30 days to respond and/or appeal. He failed to timely file an appeal, and his offer-in-compromise was closed Jan. 21, 2005.

insufficient income to generate a tax liability in 1990, and he did not have tax liabilities for 1997 and 1999 because he had sufficient overpayment credits from subsequent tax years to satisfy any outstanding tax liability. On June 1, 2005, petitioner mailed a Form 433-A to respondent's Appeals Office, where his hearing request was being considered.

On October 17, 2005, Settlement Officer Kathleen Derrick mailed petitioner a letter scheduling a telephonic hearing. The letter informed petitioner he could not contest the underlying income tax liability for 1990 because he had received a statutory notice of deficiency for that year and had not filed a petition in Tax Court. The letter also included literal transcripts for 1990 and 1997 through 2003 reflecting the balances due and the payments that were applied to those years.[4] The letter indicated that if there were any "payments for which you believe you have not been credited, please provide copies of cancelled checks for these payments".

On November 3, 2005, a telephonic hearing was held between Ms. Derrick and petitioner, during which petitioner asserted he did not owe any of the income tax liabilities for the years at

---

[4] The transcripts indicated overpayment credits of $300 and $678 were transferred from 2000 and 2001, respectively, and applied to petitioner's 1989 tax liability. The transcripts also indicated overpayment credits of $1,309 and $677 were transferred from 2002 and 2003, respectively, and applied to petitioner's 1990 tax liability.

issue because he earned insufficient income in 1990 and had sufficient overpayments from subsequent tax years to satisfy any tax liabilities for 1997 and 1999. Petitioner also informed Ms. Derrick that he was unsure whether he received the notice of deficiency for 1990 because he was transient at that time.

On November 21, 2005, respondent's Appeals Office issued petitioner a notice of determination sustaining the filing of the notice of Federal tax lien. In the notice of determination, Ms. Derrick found that the 1990 notice of deficiency was mailed to the correct address, and as a result petitioner could not dispute the underlying liability for such year. She also found that petitioner's overpayment credits did not satisfy his outstanding tax liabilities for 1997 and 1999 because the credits were used to offset petitioner's 1990 tax liability.[5] Additionally, Ms. Derrick explained that petitioner was barred from using the $1,292 credit from 1998 to offset his outstanding tax liabilities because the 1998 return was filed more than 2 years from the time the tax was paid.[6] Petitioner refused to discuss any collection alternatives during the hearing.

---

[5] Ms. Derrick's determination did not indicate petitioner's overpayment credits were also used to offset his outstanding liability in 1989. See supra note 4.

[6] See supra note 2. Petitioner did not raise this issue at trial.

In response to the notice of determination, petitioner filed his petition with this Court on August 25, 2005.

## I.    Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181 (2000).[7]  The underlying tax liability is properly at issue if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see <u>Behling v. Commissioner</u>, 118 T.C. 572, 576-577 (2002).

Where the validity of the underlying tax liability is not properly at issue the Court will review the Commissioner's determination for abuse of discretion.  <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181.  The abuse of discretion standard requires the Court to decide whether the Commissioner's determination was arbitrary, capricious, or without sound basis in fact or law.  <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>Keller v. Commissioner</u>, T.C. Memo. 2006-166; <u>Fowler v. Commissioner</u>, T.C. Memo. 2004-163.

---

[7] The term "underlying tax liability" under sec. 6330(c)(2)(B) includes amounts self-assessed under sec. 6201(a), together with penalties and interest.  Sec. 6201(a)(1); <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 9 (2004); sec. 301.6201-1, Proced. & Admin. Regs.

II.  Tax Year 1990

Respondent mailed petitioner two notices of deficiency for 1990.  On cross-examination by respondent's counsel, petitioner admitted receiving the notice of deficiency for 1990.  Therefore, petitioner's underlying income tax liability for 1990 is not properly at issue, and this Court will review respondent's determination for 1990 for abuse of discretion.

At the hearing, petitioner did not challenge the appropriateness of the intended method of collection, discuss collection alternatives, or raise a spousal defense.  See sec. 6330(c)(2)(A).  Petitioner raised only arguments he was precluded from contesting; i.e., that he does not owe the underlying income tax liability because he did not earn enough income to be taxed.

Therefore, this Court concludes respondent's determination to proceed with collection of the tax liability assessed against petitioner for 1990 was not an abuse of discretion.

III. Tax Years 1997 and 1999

Petitioner was not issued a notice of deficiency for tax years 1997 or 1999, and he did not otherwise have a prior opportunity to dispute the tax liabilities.  Therefore, petitioner's underlying tax liabilities for 1997 and 1999 are at issue, and this Court will review respondent's determination for 1997 and 1999 de novo.

During the hearing and at trial, petitioner contended he did not owe Federal income tax liabilities for 1997 and 1999 because he had sufficient overpayment credits from subsequent tax years to satisfy any liability for such years. The taxpayer bears the burden of proving the Commissioner's determinations are incorrect. See Rule 142(a).

The parties stipulated respondent's literal transcripts of account for petitioner's 1990 and 1997 through 2003 tax years. The transcripts reflected, inter alia, all payments received by respondent for petitioner's tax liabilities. The balances that remained were consistent with the amounts respondent is attempting to collect.

Petitioner did not produce any evidence supporting unreported payments to offset his outstanding tax liabilities. At trial, he merely testified that he did not owe a tax liabilities for 1997 or 1999. This Court cannot assume petitioner previously paid the tax liabilities respondent is attempting to collect without credible evidence showing petitioner made greater payments to respondent than those reflected in the transcripts.

At trial petitioner also claimed he filed two tax returns for 1999. He testified the first was timely filed by him and the second untimely return filed on March 31, 2003, was filed by his attorney. Petitioner did not produce any documentation to

support that his 1999 return was filed timely.  Thus, petitioner did not meet his burden of proof.

Accordingly, this Court finds that respondent correctly determined that collection could proceed for 1997 and 1999.  See Boyd v. Commissioner, 117 T.C. 127, 131-132 (2001).

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.