T.C. Summary Opinion 2010-32


UNITED STATES TAX COURT


PHILIP EDWARD SAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1802-09S.                    Filed March 16, 2010.


Philip Edward Sams, pro se.

<u>Daniel N. Price</u>, for respondent.


DAWSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This proceeding was commenced in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to petitioner's Federal income tax liabilities for 2002, 2003, and 2004.  The issue presented for decision is whether the Internal Revenue Service (IRS) Appeals Office abused its discretion regarding its determination that petitioner is not entitled to a claimed overpayment credit of $2,918 from 2002 to be applied against his 2003 income tax liability.

## Background

The parties did not submit a stipulation of facts with exhibits.  Instead, respondent filed on August 7, 2009, pursuant to Rule 91(f), a motion to show cause why proposed facts and evidence should not be accepted as established for the purposes of this case.  On August 10, 2009, the Court granted respondent's motion and issued an order for petitioner to show cause.  On September 15, 2009, petitioner filed a detailed response to respondent's motion and to the Court's order to show cause by agreeing or accepting paragraphs 1 through 30 of respondent's Exhibit A, as well as attached Exhibits 1-J through 26-J.  But petitioner objected to Exhibit 18-J and moved to strike it as irrelevant and invasive of his privacy.  At trial the Court

denied petitioner's motion to strike Exhibit 18-J. Accordingly, the facts, documents, and evidence in respondent's proposed stipulation of facts as well as Exhibits 1-J through 26-J were deemed established, admitted, and made a part of the record. In addition, the Court admitted petitioner's Exhibit 30-P.

Petitioner resided in Texas when he filed his petition. He is an engineer who experienced some interruptions in his employment with different corporations at various times. He did not file timely Federal income tax returns for 1999 through 2007. He filed his returns for each of those years with IRS Appeals, New Orleans Office, on July 31, 2008.

Respondent generated substitutes for returns pursuant to section 6020(b) for 2002, 2003, and 2004 and issued separate notices of deficiency for each year determining that petitioner was liable for the following income tax deficiency and additions to tax:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2002 | $2,616 | $588.60 | $536.28 | --- |
| 2003 | 5,469 | 1,178.27 | 756.75 | $133.95 |
| 2004 | 5,204 | 130.72 | 49.38 | --- |

Petitioner received the notices of deficiency but did not petition this Court for redeterminations. Therefore the taxes due were assessed. The IRS then proceeded to collect by levy the balances due for 2002 through 2004. On February 14, 2008, the

IRS sent petitioner a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely requested a collection due process hearing, and petitioner was granted a collection due process telephone hearing on December 15, 2008. Petitioner had requested in the late-filed returns, including those for 2002, 2003, and 2004, that overpayments resulting from excess wage withholding and estimated tax payments from each preceding year be credited to each succeeding year. The pertinent information relating to petitioner's claimed overpayments is as follows:

| Tax Year | Date Return Filed | Claimed Overpayment From Prior Year |
|----------|-------------------|-------------------------------------|
| 1999 | 7/31/2008 | $294 |
| 2001 | 7/31/2008 | 247 |
| 2002 | 7/31/2008 | 2,918 |
| 2003 | 7/31/2008 | 2,583 |
| 2004 | 7/31/2008 | 35 |

On January 15, 2009, the IRS sent petitioner a notice of determination regarding the proposed levy action. It stated that the proposed levy action would not be taken and that collection action would be temporarily suspended pending an improvement in petitioner's financial situation. The attachment to the notice of determination, prepared by Settlement Officer Richard J. Wempe, shows that there is no current balance of tax due for 2002 and 2004. It also contains the following analysis of petitioner's claimed overpayment credit:

2. <u>Issues raised by the taxpayer</u>:

<u>Challenges to the existence or amount of the liability</u>:
Prior to the CDP hearing the taxpayer filed amended tax
returns with the Service Center.  Those returns led to
adjustments to the SFR assessments that were previously
made.  Taxpayer now contests the Service's failure to
post credits (See "Other issues" below).

<u>Other Issues</u>:
Taxpayer contends that overpayments from other periods
(years 1999 and 2001) are sufficient to pay the
outstanding balance.

<u>My analysis</u>:
Taxpayer argues for the offset of overpayments from
years 1999 & 2001 to the remaining unpaid liability.
The law (IRC Sec. 6511) provides for a period of three
(3) years from the due date of a tax return during
which a taxpayer can file a return claiming return of
an overpayment of tax.  Beyond that timeframe the
overpayment is no longer refundable or available for
offset to other liabilities.

Taxpayer filed tax returns for years 1999 & 2001 in
July, 2008.  Those returns showed overpayments in the
amount of $294 & $2,671, respectively.  Offset of those
overpayments was correctly disallowed.  Those returns
were not filed by the taxpayer until well after the
statutory time for claiming refund of the overpayments
in those years.

## Discussion

At trial petitioner conceded that Settlement Officer Wempe

did not abuse his discretion in determining that the proposed

levy action should not be taken and that the collection action

should be temporarily suspended pending an improvement in

petitioner's financial condition.  Petitioner stated:

> But my contention is that on that point, the decision
> whether to proceed on levy, there is no disagreement
> between the IRS and myself on that point.  Mr. Wempe
> and I were in agreement with his conclusions.  He felt

that I had provided the information that he required. I met his statutory requirements to do that.

We agree and sustain respondent's determination that the levy upon petitioner's assets should not be made.

Petitioner claims he is entitled to an overpayment credit of $2,918 from 2002 to be applied against his 2003 income tax liability. Respondent contends that the credit is not allowable because, as Settlement Officer Wempe determined, it is time barred. Neither party has addressed this Court's jurisdiction in this proceeding to decide the credit issue.

During the collection hearing a taxpayer has the right to challenge the existence and amount of the underlying tax liability only if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). However, if the taxpayer received a notice of deficiency or otherwise had an opportunity to dispute the tax liability, the Appeals officer has discretion to consider a claim as to the existence or amount of the underlying tax liability. Sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs.[2] However, if the taxpayer received a

---

[2]Sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs., provides the following illustrative question and answer:

Q-E11. If an Appeals officer considers the merits of a taxpayer's liability in a CDP [collection due process] hearing when the taxpayer had previously received a statutory notice of deficiency or otherwise had an

(continued...)

notice of deficiency or otherwise had an opportunity to dispute the underlying tax liability, the Court does not have jurisdiction to decide the amount of the underlying tax liability even if the Appeals officer exercised his/her discretion to do so. See Behling v. Commissioner, 118 T.C. 572 (2002).

Petitioner received a notice of deficiency, and his claim of entitlement to credit for overpayment of prior years' taxes could have been raised in a deficiency proceeding. His entitlement to the credits is determinative of the amount of the underlying liability. The Court does not have jurisdiction in this collection proceeding to decide the amount of the underlying tax

---

[2](...continued)
opportunity to dispute the liability prior to the issuance of a notice of intention to levy, will the Appeals officer's determination regarding those liability issues be considered part of the Notice of Determination?

A-E11. No. An Appeals officer may consider the existence and amount of the underlying tax liability as a part of the CDP hearing only if the taxpayer did not receive a statutory notice of deficiency for the tax liability in question or otherwise have a prior opportunity to dispute the tax liability. * * * In the Appeals officer's sole discretion, however, the Appeals officer may consider the existence or amount of the underlying tax liability, * * * at the same time as the CDP hearing. Any determination, however, made by the Appeals officer with respect to such a precluded issue shall not be treated as part of the Notice of Determination issued by the Appeals officer and will not be subject to any judicial review. * * * Even if a decision concerning such precluded issues is referred to in the Notice of Determination, it is not reviewable by the Tax Court because the precluded issue is not properly part of the CDP hearing.

liability even though Settlement Officer Wempe exercised his discretion to do so.[3]

At trial petitioner stated: "There really is no other issue of difference between the IRS Office of Appeals position and my position, other than the disallowance of these credits. There was no disagreement with regard to levy or other issues that might have been looked at by Appeals." Consequently, because there are no tax liabilities remaining for 2002 and 2004, those years will be dismissed as moot, see Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), and decision will be entered sustaining respondent's determination that the levy upon petitioner's property to collect his unpaid tax liability for 2003 should not proceed because of his current financial situation.

---

[3]Although we do not have jurisdiction over petitioner's claimed credits, we observe that the amount of an overpayment for a tax year that is recoverable and may be credited to a later year is limited to the amount paid within 3 years before the filing of the claim. Sec. 6511(b)(2)(A). Petitioner's withheld and estimated taxes were deemed paid on the date his income tax returns were due without regard to any extensions. He claimed the overpayments on returns filed more than 3 years after the date the returns were due. Thus, since the withheld and estimated taxes were deemed paid more than 3 years before he filed the returns, he is not entitled to a credit for any overpayment of those taxes.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.