T.C. Summary Opinion 2011-88

UNITED STATES TAX COURT

ERIC LYNN TRACY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8727-10S.                    Filed July 12, 2011.

Eric Lynn Tracy, pro se.

<u>John D. Davis</u>, for respondent.

MORRISON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court and
this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, all references to sections are

to the Internal Revenue Code, and all references to Rules are to
the Tax Court Rules of Practice and Procedure.

Pursuant to section 6320, Eric Lynn Tracy seeks our review
of a determination concerning the filing of a notice of federal
tax lien to collect his unpaid 2008 federal income-tax liability.
As explained below, we decide that the determination by the IRS
Appeals Office was not an abuse of discretion.

## Background

On November 5, 2009, the IRS mailed a notice to Tracy that
it had filed a notice of federal tax lien to secure Tracy's 2008
income-tax liability of $22,872.82. Tracy requested a
collection-review hearing with the IRS Appeals Office. The
request, dated November 14, 2009, stated:

> I am currently encarcerated in the Idaho Department of
> Corrections. I have no property, assets or income. I
> am completely dependant on the charity of family for
> support. I don't expect to get out till 2022. When I
> do get out, I will be starting my life over completely.
> Please consider my extreme hardship [illegible] paid my
> taxes faithfully for many years--I am now begging for
> mercy. Thank you.

The hearing was assigned to a settlement officer, who conducted
the hearing by correspondence. In a notice of determination
dated March 10, 2010, the settlement officer determined that all
requirements of applicable law and administrative procedure had
been met. The settlement officer determined that because Tracy
was in prison, his account with the IRS would be placed in

"currently not collectible" status.[1]  The settlement officer
determined that the filing of the notice of federal tax lien
balanced the need to efficiently collect tax with Tracy's concern
that the collection action be no more intrusive than necessary.
The settlement officer also determined that none of the
conditions in section 6323(j) for withdrawing the filing of the
notice of federal tax lien had been satisfied.[2]  In his petition
to the Tax Court, which he mailed on April 7, 2010, Tracy stated:

A       On July 31, 2007 I was convicted by the State of
        Idaho for some very poor choices on my part, and
        sentenced for a period of 5 to 15 years in the
        Idaho Department of Corrections.

B       The very few assets, both monetary and non-
        monetary, that I had left after becoming divorced
        in 2006 have subsequently been paid to satisfy
        debts and pay legal fees, reposessed, or sold to
        pay debts--I literally have nothing left to my
        name of any worth that I know of.

C       I have no income other than the paltry $.30/hr
        that the prison pays me as a braille
        transcriptionist.  I am almost completely

---

[1]"Currently not collectible" status apparently means that
the IRS will not attempt to collect the tax liability.  The IRS
can remove this status.

[2]Sec. 6323(j)(1) provides that the IRS may withdraw a filed
notice of lien, and that the withdrawn notice shall be treated as
if it had not been filed, if the IRS determines (1) the filing of
such notice was premature or otherwise not in accordance with
administrative procedures, (2) the taxpayer has entered into an
installment agreement, (3) the withdrawal of the notice will
facilitate the collection of the tax liability, or (4) "with the
consent of the taxpayer or the National Taxpayer Advocate, the
withdrawal of such notice would be in the best interests of the
taxpayer (as determined by the National Taxpayer Advocate) and
the United States."

dependent upon the charity of family members for support.

D    When I finally regain my freedom (earliest, late in 2012), I will be starting over from nothing--I will need every dime to survive and not be dependent upon government assistance.

E    I believe these circumstances constitute <u>extreme</u> hardship.

At the time the petition was filed, Tracy was a resident of Idaho.  The parties submitted this case without trial under Rule 122.  The parties agreed to a stipulation, which the Court adopts.  The record consists of (1) the facts that the parties have stipulated and (2) the documents that the parties have stipulated are admissible.  The Court ordered the parties to file briefs.  The IRS filed a brief; Tracy did not.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for tax if there has been a demand for payment and the person has failed to pay.  The lien arises at the time of assessment.  Sec. 6322.  For the federal tax lien to have priority over other liens or security interests, the IRS must file a notice of federal tax lien.  Sec. 6323(a); <u>Behling v. Commissioner</u>, 118 T.C. 572, 575 (2002).  The notice must normally be filed with the appropriate office of the state or local government subdivision in which the property is located.  Sec. 6323(f)(1).

Section 6320(a) provides that the IRS must generally give the person against whom a federal tax lien is filed written notice of the notice's filing within five days after the date of its filing. Section 6320(b) provides the person with an opportunity for a hearing before the IRS Appeals Office. The hearing is conducted pursuant to subsections (c), (d) (other than paragraph (2)(B)), (e), and (g) of section 6330. Sec. 6320(c).

At the hearing, the taxpayer may raise any issues relevant to the unpaid tax including: (1) challenges to the appropriateness of the IRS's collection actions; and (2) offers of collection alternatives (e.g., an installment agreement, an offer-in-compromise, the posting of a bond, or the substitution of other assets). Sec. 6330(c)(2)(A)(ii) and (iii). The Appeals Office must consider the following in making the determination: (1) whether the requirements of any applicable law or administrative procedure were met; (2) the issues properly raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

A taxpayer may appeal the Appeals Office's determination to this Court within the 30-day period starting on the day after the date of the notice of determination. Secs. 6320(c), 6330(d)(1).

In reviewing the IRS's determination, the Court applies an abuse-of-discretion standard when the underlying tax liability is not at issue.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).

The settlement officer assigned to Tracy's hearing considered the three items that were required by section 6330(c)(3) to be considered.  First, the settlement officer determined that all requirements of applicable law and administrative procedure had been met.  See sec. 6330(c)(3)(A).  Second, the settlement officer considered the issues Tracy raised.  See sec. 6330(c)(3)(B).  Third, the settlement officer considered whether the collection action (i.e., the filing of the notice of federal tax lien) balanced the need for the efficient collection of taxes with Tracy's concern that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3)(C).  Although the Court has jurisdiction to determine whether the settlement officer made an error in considering these items, see secs. 6320(c), 6330(d)(1), the Court looks to Tracy to identify these errors, see Rule 331(b)(4) (requiring petition to contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination"); Rule 151(e) (requiring briefs to state the nature of the controversy, issues to be decided, proposed findings of fact, points on which the party relies, points of law involved, and disputed questions of fact).  Tracy does not

identify any specific errors made by the settlement officer.  He merely repeats (through his petition) the same material he presented to the settlement officer.  The settlement officer has already considered this material.  We are not required, without guidance from Tracy, to determine which of the various aspects of the settlement officer's determination is erroneous.  We therefore sustain the determination.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for respondent</u>.