T.C. Summary Opinion 2005-164


UNITED STATES TAX COURT


JOSEPH A. LOFTUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2137-04S.                    Filed November 9, 2005.


Joseph A. Loftus, pro se.

<u>Wanda M. Cohen</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's filing of a notice of Federal tax lien for his tax liabilities for 1996 and 1997.[1] The issue for decision is whether respondent abused his discretion by filing the notice of Federal tax lien for petitioner's 1996 and 1997 tax liabilities.

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Houston, Texas.

## The Underlying Liability

Petitioner received premature distributions from his IRA and section 401 accounts in 1996 and 1997, respectively, rendering himself liable for the 10-percent additional tax on early distributions under section 72(t). Petitioner's 1996 and 1997 Federal income tax returns, filed pursuant to extensions, reported the distributions as income. Petitioner, however, failed to pay the additional tax on early distributions due for both years.

Respondent assessed the unpaid amounts and issued to petitioner a notice and demand for payment.

---

[1] Although respondent's notice of determination also references 2000, for which the notice of Federal tax lien indicates a then-current liability of $43.03, the year was not listed in the petition or addressed at trial.

The Bankruptcy Proceeding

In February of 1998, petitioner filed a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. sections 101-1330 (2000), and received a discharge of dischargeable debts on June 9, 1998.

Respondent's Insolvency Section prepared and filed with the bankruptcy court an original and an amended proof of claim, as an unsecured priority claimant, on behalf of the Internal Revenue Service (IRS).

During the bankruptcy case, the chapter 7 trustee applied to the court for authority to pay State sales taxes incurred by the estate, postpetition, as administrative expenses. No party filed an objection to the trustee's application.[2]

The trustee filed a notice of final report, and a final report before distribution on February 16, 2001, showing that after payments for the secured claim and for administrative expenses, there would be nothing remaining in the estate for distribution for unsecured priority claims and general unsecured claims. No objection to the final report before distributions was filed by any party. Therefore, respondent did not receive any distribution from the bankruptcy estate for the prepetition unsecured priority claim.

---

[2] As it was later determined that the estate had no liability for State sales taxes, they were not included in the trustee's final report of distribution.

The Section 6320/6330 Administrative Process

After respondent mailed him a Letter 3172, Notice of Federal Tax Lien Filing and Your Right To a Hearing Under IRC 6320, petitioner timely submitted a Form 12153, Request For a Collection Due Process Hearing, referencing 1996 and 1997. In a document attached to the Form 12153, petitioner stated that he did not disagree with the asserted liability for the 10-percent additional tax on early distributions. Petitioner strongly objected, however, to what he perceived as the unjustified failure of the IRS to file a motion to compel payment of its claim before final distribution of the bankruptcy estate. Petitioner asked that the IRS "completely abandon its claim".

Petitioner received a telephonic hearing with the Office of Appeals in Houston, Texas. The office issued a notice of determination finding the filing of the notice of the Federal tax lien to be an appropriate collection action.

After the petition was filed with the Court for review of respondent's determination, respondent obtained from the Court a remand of the case for further consideration of the bankruptcy issue. Petitioner, on remand, met face to face with an Appeals conferee. The conferee issued a supplement to the original notice of determination that again sustained as appropriate the filing of the notice of Federal tax lien.

## Discussion

### Procedure Under Sections 6320 and 6330

Section 6320 entitles a taxpayer to notice of his right to request a hearing with the IRS Office of Appeals after a notice of lien is filed by the Commissioner in furtherance of the collection of unpaid Federal taxes. The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b) and (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

As the Court understands his argument, petitioner does not challenge the existence or amount of the underlying tax liability. The parties in fact so stipulate. For reasons to be

explained, petitioner argues that the IRS should be limited to collecting half of the amount of the liability for which the notice of lien was filed for 1996 and 1997. In addition, he objects to the failure to pay addition to tax and the interest that accrued on the assessments after his bankruptcy action. The Court will treat petitioner's arguments as challenges to the collection action.

Challenges to Collection Action

Questions about the appropriateness of the collection action include whether it is proper for the Commissioner to proceed with the collection action as determined in the notice of determination, and whether the type and/or method of collection chosen by the Commissioner is appropriate. See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003) (challenge to appropriateness of collection reviewed for abuse of discretion).

In order for a taxpayer to prevail under the abuse of discretion standard, it is not enough for the Court to conclude that the Court would not have authorized collection; the Court must conclude that, in authorizing collection, the Appeals officer has exercised discretion arbitrarily, capriciously, or without sound basis in fact. Estate of Jung v. Commissioner, 101 T.C. 412, 449 (1993); accord Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988). It has been held that discretion can be abused by neglecting a significant relevant factor, by giving weight to an irrelevant factor, or by considering only the proper

factors but nevertheless making a clear error in judging their weight.  Henry v. INS, 74 F.3d 1, 4 (1st Cir. 1996).

Petitioner's arguments are based upon his perception of how respondent's Insolvency Section handled his tax liabilities in the bankruptcy proceeding.  Petitioner voiced several complaints during his testimony, including the "indifference" to his plight exhibited by respondent's Insolvency Section.

The main bone of contention, however, is his belief that the chapter 7 trustee would have paid 50 percent of petitioner's outstanding tax liabilities, the unsecured priority claim, if only respondent had filed a motion to compel payment before the final distribution.  Petitioner testified that the trustee told him that he would not oppose, and would in fact recommend, the partial payment.  Petitioner further testified that he relayed the trustee's "offer" to the Insolvency Section and was informed that under their guidelines, motions to compel would not be filed in cases involving less than $50,000 of tax liability.

Petitioner asserts that the failure of the Insolvency Section to file a motion to compel was an abuse of discretion. Neither the trustee in petitioner's bankruptcy proceeding nor any employee of the Insolvency Section was called as a witness in this case.

Court Review of the Determination

The Court reviews the actions of the Appeals officer who conducted the hearing and issued the notice of determination in this case.  Section 6330 does not contemplate that the Court

directly review prior actions of IRS employees.  See sec. 6330(c)
and (d) ("determination" is made by Appeals officer; court
reviews determination).  The Court may indirectly review the
prior actions of IRS employees in that the determination by the
Appeals officer must take into consideration whether the
requirements of any applicable law or administrative procedure
have been met.  Secs. 6320(c), 6330(c)(1).

Certain types of debt are nondischargeable under a chapter 7
bankruptcy proceeding.  11 U.S.C. sec. 523(a) (2000).  Section
523(a)(1)(A) of the United States Bankruptcy Code automatically
excepted petitioner's income tax liabilities from discharge
because they were a tax of the kind specified in 11 U.S.C.
section 507(a)(8).[3]  See Swanson v. Commissioner, supra at 128.
Petitioner understands and agrees with this legal principle.
Petitioner has stated that he also understands and agrees that
there was no legal or administrative requirement that respondent
file a motion to compel the chapter 7 trustee to pay a portion of

_____

[3]11 U.S.C. sec. 507(a)(8)(2000) provides in part:

(a)  The following expenses and claims have priority in
the following order:

*        *        *        *        *        *        *

(8)  Eighth, allowed unsecured claims of governmental units,
only to the extent that such claims are for --

(A)  a tax on or measured by income or gross receipts --

(i)  for a taxable year ending on or before the date of the
filing of the petition for which a return, if required, is
last due, including extensions, after three years before the
date of the filing of the petition * * *

his tax liabilities from the bankruptcy estate. Even though respondent was not required to file the motion to compel, petitioner believes respondent's Insolvency Section "should" have exercised discretion to do so. Petitioner argues that by not filing the motion, it enabled the trustee to request and receive "the maximum amount of compensation allowed by law". Petitioner believes that the maximum is "not generally granted" and that the "trustee compensation is not an administrative cost of the estate."

Administrative expenses include taxes incurred by the estate (other than taxes listed in 11 U.S.C. section 507(a)(8)), such as the postpetition State sales taxes in this case the proposed payment of which petitioner believes respondent's Insolvency Section should have objected to. 11 U.S.C. sec. 503(b)(1)(B) (2000). Also, petitioner's belief concerning the classification of the trustee's compensation expense is incorrect.

Compensation and reimbursement of actual and necessary expenses of the trustee are administrative expenses of the bankruptcy estate. 11 U.S.C. secs. 503(c)(2), 330 (2000). The determination of whether the amount of compensation requested is reasonable requires consideration of a number of factors. 11 U.S.C. sec. 330(a)(3)(A). The fee requested by the trustee is subject to reduction upon motion by the court itself, the United States trustee, or "any party in interest." 11 U.S.C. sec. 330. Neither the bankruptcy court nor any party in interest moved to reduce the trustee's fee in petitioner's bankruptcy proceeding.

Petitioner's belief that the maximum amount of trustee compensation allowed by law is not generally granted is based upon his reading of a report that he says listed the average fees for all bankruptcies by size for the years 1994 through 2000. The report was not introduced into evidence.

Petitioner, who was represented by counsel during the bankruptcy proceeding, appears to be under the impression that the IRS was also required to represent his best interests in the bankruptcy proceeding. The failure of respondent vigorously to do so was an "abuse of discretion", according to petitioner, requiring the withdrawal of the notice of lien and the reduction, by half, of his tax liability, and the abatement of interest and the additions to tax.

Without deciding the issue, the Court accepts as accurate petitioner's testimony that the Insolvency Section operates under certain tolerance levels, governed by the amount of tax owed, in requesting its lawyers to file motions to compel in bankruptcy cases. Petitioner has failed however, to describe how that policy relates to an abuse of discretion by the Appeals officer in this case.

To reach the conclusion advocated by petitioner would require the Court at the outset to find that the Appeals officer's determination that the <u>requirements</u> of applicable <u>law or administrative procedure</u> had been met was an abuse of discretion. Yet by petitioner's own admission, and the Court's determination, there is no law or administrative procedure that

requires the IRS to do what he says "should" have been done.  The mere failure to take discretionary action is the exercise of discretion, not the abuse of discretion.

The Court finds that the Appeals officer did not neglect a significant relevant factor, give weight to an irrelevant factor, or consider only the proper factors but nevertheless make a clear error in judging their weight.  Respondent has not exercised discretion arbitrarily, capriciously, or without sound basis in fact.

## Abatement of Interest and Additions to Tax

### Interest

For tax years beginning before July 31, 1996, the Commissioner may abate interest assessed on any deficiency or payment of tax to the extent that any error or delay in payment of the tax is attributable to erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner and the taxpayer caused no significant aspect of the delay.  Sec. 6404(e)(1).  A ministerial act is a procedural or mechanical act that does not involve the exercise of judgment or discretion by the Commissioner.  Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

The delay of which petitioner complains is respondent's focus "on actions of the trustee and the Federal Bankruptcy Court as opposed to my contentions".  Insofar as the year 1996 is

concerned, the Court finds the acts complained of to be other than ministerial.

In 1996, Congress amended section 6404(e) to permit abatement of interest that accrues as a result of an "unreasonable" error or delay in performing a ministerial or "managerial" act. Sec. 6404(e)(1)(A) and (B); Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 301(a) (1996). The 1996 amendment applies to deficiencies or payments for tax years beginning after July 30, 1996. TBOR 2 sec. 301(c). The amendment applies to petitioner's 1997 tax year.

A decision concerning the application of Federal or State law is not a managerial act. Sec. 301.6404-2(b)(1), Proced. & Admin. Regs. Petitioner has failed to show, with respect to 1997, that the acts complained of were unreasonable errors or delays in performing a ministerial or managerial act.

Additions to Tax

The Court is not sure of the basis for petitioner's objection to the additions to tax for failure to pay timely under section 6651(a)(2). The parties have stipulated that petitioner does not object to the underlying tax liability. The assessed tax liability includes any additions to tax. Sec. 6201(a); sec. 301.6201-1(a), Proced. & Admin. Regs.

Further, section 6330(c)(2)(B) provides that the taxpayer may challenge the underlying tax liability at the Appeals Office unless he received a statutory notice of deficiency for the liability or otherwise had an opportunity to dispute the

liability.  Even if the Appeals Office considers a challenge to the underlying tax liability where one of the two above situations obtains, the Court may not review the determination on the issue because it was not properly part of the hearing. Sabath v. Commissioner, T.C. Memo. 2005-222; sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs.; see also Behling v. Commissioner, 118 T.C. 572, 578-579 (2002).

The Court has held that when the IRS submits in a Federal bankruptcy proceeding a proof of claim for unpaid taxes, the taxpayer has an opportunity to dispute his tax liability within the meaning of section 6330(c)(2)(B).  See Kendricks v. Commissioner, 124 T.C. 69, 77 (2005); Sabath v. Commissioner, supra.  Petitioner is therefore precluded from challenging his liability for the additions to tax under section 6651(a)(2) in this case.

In any event, petitioner, having admitted that the taxes were not timely paid, testified that he chose to pay other creditors instead of paying his tax liabilities.  He provided no documentary evidence on the issue, and his testimony fell short of carrying his burden to show that there is reasonable cause for his failure to pay timely.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001); sec. 301.6651-1(c), Proced. & Admin. Regs.

Petitioner may also be asking for an abatement of the addition to tax.  Section 6404(f) allows for the abatement of an addition to tax attributable to erroneous written advice by the IRS.  Petitioner has not argued or proved that he received any

written advice on which he relied and to which he can attribute his failure to pay timely his tax liabilities for 1996 and 1997.

<u>Conclusion</u>

The Court has considered all of petitioner's contentions, arguments, and requests, and to the extent they were not discussed, the Court concludes that they are moot, irrelevant, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.