T.C. Memo. 2007-100


UNITED STATES TAX COURT


HUBERT W. N. CHANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12008-05L.              Filed April 25, 2007.


Hubert W. N. Chang, pro se.

<u>Jonathan J. Ono</u>, for respondent.


MEMORANDUM OPINION


HAINES, <u>Judge</u>:  Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1996 through 2002 (years at issue).[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to
                                        (continued...)

to section 6330(d), petitioner seeks review of respondent's determination.  The issue for decision is whether respondent's determination that collection action could proceed for Federal income tax liabilities for the years at issue was an abuse of discretion.

## Background

The stipulation of facts and attached exhibits are incorporated herein by this reference.[2]  Petitioner resided in Honolulu, Hawaii, when he filed his petition.

Petitioner did not file Federal income tax returns for 1996, 1997, and 1998 and did not make estimated tax payments for these years.  Respondent filed substitutes for return on September 4, 2000, for 1996, 1997, and 1998.  On February 23, 2001, respondent mailed petitioner three notices of deficiency determining income tax deficiencies of $22,037, $14,690, and $15,244 for 1996, 1997, 1998, respectively, and additions to tax under sections 6651(a)

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[2] On May 16, 2006, this Court's order to show cause under Rule 91(f), dated Apr. 28, 2006, was made absolute, and the facts and evidence set forth in respondent's proposed stipulation of facts attached as Exhibit A to respondent's motion for order to show cause under Rule 91(f), filed on Apr. 27, 2006, were deemed stipulated pursuant to Rule 91(f)(3) for purposes of this case.

of $5,509, $3,673, $3,811 for 1996, 1997, 1998, respectively, and 6654(a) of $1,173, $786, $698 for 1996, 1997, 1998, respectively.

In response to respondent's notices of deficiency, petitioner filed a petition with this Court in Chang v. Commissioner, docket No. 5674-01. The Court dismissed petitioner's case for lack of prosecution and entered a decision on June 25, 2002, which held that petitioner was liable for the income tax deficiencies along with additions to tax for 1996, 1997, and 1998. On December 9, 2002, respondent assessed the deficiencies along with additions to tax and interest for 1996, 1997, and 1998.

Petitioner also failed to file Federal income tax returns for 1999, 2000, 2001, and 2002 and did not make estimated tax payments for these years. Respondent filed substitutes for return on July 14, 2003, for 1999, 2000, and 2001 and filed a substitute for return on June 28, 2004, for 2002. On October 10, 2003, respondent mailed petitioner three notices of deficiency determining income tax deficiencies of $16,604, $28,482, and $17,084 for 1999, 2000, 2001, respectively, and additions to tax under sections 6651(a) of $4,151, $7,121, $4,271 for 1999, 2000, 2001, respectively, and 6654(a) of $804, $1,521, $683 for 1999, 2000, 2001, respectively. On July 27, 2004, respondent mailed petitioner a notice of deficiency determining an income tax deficiency of $12,976 and additions to tax under sections

6651(a)(1) and 6654(a) of $3,828 and $434, respectively, for 2002.

Petitioner received, but did not file a petition with respect to, the notices of deficiency for 1999, 2000, 2001, and 2002. Respondent assessed the deficiencies along with additions to tax and interest for 1999, 2000, 2001, and 2002 on March 22, May 17, March 22, and December 20, 2004, respectively.

Petitioner's assessed tax liabilities for 1996 through 2002 have not been fully paid. On March 22, 2005, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien), with respect to the years at issue.

On March 28, 2005, petitioner submitted Form 12153, Request for a Collection Due Process Hearing, in which he argued the Internal Revenue Service did not have the authority to file a lien and asserted other frivolous tax-protester arguments. Petitioner's request did not address any alternative methods of collection.

On May 13, 2005, a hearing was held by telephone between petitioner and respondent's Appeals Office. On June 3, 2005, Appeals mailed petitioner a notice of determination sustaining the filing of the notice of Federal tax lien. The notice of determination stated, in part:

> The taxpayer has filed an appeal under * * * 6320. He
> has appealed the filing of the Notice of Federal Tax

Lien filed for the delinquent accounts * * * . The taxpayer has raised only frivolous issues in his appeals and in correspondence he submitted since he made his appeal. He has not raised any non-frivolous issues.

All the legal and procedural requirements for the filing [of] the lien have been met. The taxpayer has not made any non-frivolous arguments in his appeal. He has declined our offer to discuss legitimate alternatives to the proposed [lien filing] action.

In response to the notice of determination, petitioner timely filed his petition on June 29, 2005, in which petitioner alleges:

The basis of my complaint is what I believe to be the lack of a valid Summary Record of Assessment Form 23-C Assessment Certificate pursuant to 26 CFR section 301.6203-1. Without a valid assessment there is no liability. Without a liability there can be no lien.

## Discussion

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). The underlying tax liability is properly at issue if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see Behling v. Commissioner, 118 T.C. 572, 576-577 (2002).

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner,

supra at 610; Goza v. Commissioner, supra at 181.  The abuse of discretion standard requires the Court to decide whether respondent's determination was arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166; Fowler v. Commissioner, T.C. Memo. 2004-163.

Petitioner received a notice of deficiency for each year at issue but filed a petition with this Court only for 1996, 1997, and 1998, which resulted in a decision for respondent. Petitioner did not file a petition to redetermine the deficiency for 1999, 2000, 2001, or 2002.  Therefore, petitioner cannot contest the validity of the underlying income tax liability for any of the years at issue, and this Court will review respondent's determination for abuse of discretion.

Because petitioner is barred from contesting his underlying liability for the years at issue, he was permitted at the hearing only to raise other matters, e.g., to challenge the appropriateness of the intended method of collection, offer alternatives to collection, or raise a spousal defense to collection.  See sec. 6330(c)(2)(A).

Petitioner contends that before respondent may proceed with the lien action, respondent must demonstrate that the underlying tax assessments for the years at issue were valid.  Petitioner argues that respondent's Appeals Office failed to verify or prove

that the assessments in question were valid inasmuch as respondent failed to produce Forms 23 C, Assessment Certificate -- Summary Record of Assessments, for each year at issue.

Although Federal tax assessments are formally recorded on Form 23 C, this Court has held that Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, are presumptive evidence on which respondent's Appeals Office may rely to verify that an assessment has been made against a person for purposes of sections 6320 and 6330. Davis v. Commissioner, 115 T.C. 35, 40-41 (2000). Where the taxpayer is provided with Forms 4340 after the hearing and before trial, and the taxpayer does not show any irregularity in the assessment procedure that would raise a question about the validity of the assessments, the taxpayer is not prejudiced. See Nestor v. Commissioner, 118 T.C. 162, 167 (2002).

In this case, respondent provided to petitioner and this Court Forms 4340 for each year at issue reflecting the assessment of each tax liability. This Court finds that the Forms 4340 respondent prepared with respect to petitioner's tax liabilities for the years at issue establish respondent properly assessed those liabilities and that those liabilities remain unpaid. Petitioner has not shown any irregularity in respondent's assessment procedures that raises a question about the validity of respondent's assessments of those tax liabilities.

Throughout this case, petitioner also presented tax-protester arguments, including:  (1) Respondent has no jurisdiction over him; (2) the Internal Revenue Service has not complied with the Paperwork Reduction Act; and (3) respondent lacks authority to assert income tax deficiencies.  Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., Wheeler v. Commissioner, 127 T.C. 200, 204 n.9 (2006) (rejecting as without merit the argument that the requirement to file a tax return is in violation of the Paperwork Reduction Act); Nunn v. Commissioner, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Federal income tax is unconstitutional).  This Court rejects petitioner's tax-protester arguments as frivolous and without merit.  Because petitioner did not raise a valid claim, such as a spousal defense or an alternative means of collection, such claims are deemed to be conceded.  See Rule 331(b)(4).

Petitioner's arguments do not present justiciable issues; they ignore established law and give no basis for his claim that respondent abused his discretion in sustaining the Federal tax lien.  This Court concludes that respondent's determination to

proceed with collection of the tax liabilities assessed against petitioner for the years at issue was not an abuse of discretion.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.