WILLIAM F. MIDDLETON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Middleton v. Comm'r
No. 11580-97 United States Tax Court
2002 Tax Ct. Memo LEXIS 313; November 7, 2002, Decided Middleton v. Comm'r, T.C. Memo 2002-164, 2002 Tax Ct. Memo LEXIS 170 (T.C., 2002)
*313 Joel Gerber, Tax Judge JoelGerber
ORDER
On August 19, 2992, petitioner filed a Motion for Reconsideration, with respect to the Court's Memorandum Findings of Fact and Opinion (T.C. Memo 2002-164), filed June 28, 2002. Respondent's Response and Objection to Petitioner's Motion For Reconsideration Of Memorandum Opinion was filed September 27, 2002. In his response, respondent objected to all but two of the matters that peitioner, in his motion, contends should be reconsidered. In particular, respondent conceded that the $ 104,069 of unexplained deposits for 1990 do not constitute income taxable to peitioner for 1990. Respondent also conceded that petitioner did not have $ 1,313 of omitted interest income for his 1991 taxable year.
As to the remainder of the matters in the Court's opinion that petitioner contends should be reconsidered, the Court, after a review of the documents filed by the pearties and the record in this case, concludes that petitioner is not entitled to any relief other than the items that have been conceded by respondent. With the exception of the items conceded by respondent, we find the allegations and argument in petitioner's Motion for Reconsideration *314 to be without merit and based on petitioner's misunderstanding of the law, procedure, and the record in this case.
Wherefore, it is
ORDERED that petitioner's Motion for Reconsideration is granted to the extent that the Court's Memorandum Findings of Fact and Opinion filed June 28, 2002 (T.C. Memo. 2002-164) is modified, as follows: On page 5, delete the last complete sentence on the page, which reads "Petitioner failed to report interest income of $ 1,313 on his original 1991 income tax return."
On pages 6 and 7, beginning with the forth line from the bottom of page 6, delete the remainder of the paragragh which reads "Based upon the bank deposits analysis, respondent also determined that petitioner failed to report other income of $ 104,069. Respondent's agent's bank deposits analysis reflected total 1990 bank deposits of $ 467,992.06. The net unexplained bank deposits of $ 104,069 was derived by eliminating the follow(ing) amounts from total bank deposits: Income reported on petitioner's original return $ 15,130; net Medicaid payment of $ 202,084.68 (total payments of $ 219,656.68 less $ 17,572 administrative fees); and specific items of identified income totaling $ 146,708.25 *315 (represented by the $ 129,136.25 taxi leasing income and $ 17,572 administrative fees)."
On page 13, footnote 3, line 3, delete the phrase which reads "and $ 104,069 unexplained deposits determined by respondent".
On page 15, in the first and second line from the bottom of the page, delete the phrase which reads "and he also omitted $ 1,313 in interest income".
On page 18, 8th line from the bottom of the page delete the words "the omitted", which are the first two words.
On page 19, delete the first complete sentence, which reads "At trial, petitioner did not dispute the omission of $ 1,313 of interest income."
In all other respects petitioner's Motion for Reconsideration is denied. It is further
ORDERED that the Court's Memorandum Findings of Fact and Opinion, filed June 28, 2002 (T.C. Memo. 2002-164), in all other respects remains unchanged. It is further
ORDERED that the Court's Notice of Filing Of Computation under Rule 155, filed August 20, 2002, is vacated and set aside. It is further
ORDERED that the parties in this case shall file, on or before January 7, 2003, a computation under Rule 155 of the Court's Rules of Practice and Procedure to refelect the changes *316 to the Court's Memorandum Findings of Fact and Opinion, filed June 28, 2002 (T.C. Memo. 2002-164), as modified by this Order.
(Singed) Joel Gerber
Joel Gerber, Judge
Dated: Washington, D.C.
November 7, 2002