T.C. Memo. 2007-120

UNITED STATES TAX COURT

WILLIAM F. MIDDLETON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1326-05L.                    Filed May 10, 2007.

William F. Middleton, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  Pursuant to section 6330(d), petitioner seeks

_____

[1]  Unless otherwise indicated, all section references are to
                                                (continued...)

review of respondent's determination. The issues for decision are: (1) Whether petitioner's underlying income tax liability is valid; and (2) whether petitioner was granted an opportunity for an administrative hearing pursuant to section 6330(b).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.[2] Petitioner resided in Mililani, Hawaii, when he filed his petition.

Pursuant to the Court's opinion in Middleton v. Commissioner, T.C. Memo. 2002-164, on March 7, 2003, the Court entered a decision holding petitioner liable for a deficiency in Federal income tax of $34,763, as well as an addition to tax under section 6651(a)(1) and an accuracy-related penalty under section 6662(a) of $8,691 and $6,953, respectively, for 1991. On August 28, 2003, respondent assessed the deficiency, addition to tax, penalty, and interest for 1991.

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2] On May 30, 2006, this Court's order to show cause under Rule 91(f), dated Apr. 28, 2006, was made absolute, and the facts and evidence set forth in respondent's proposed stipulation of facts attached as Exhibit A to respondent's motion for order to show cause under Rule 91(f), filed on Apr. 27, 2006, were deemed stipulated pursuant to Rule 91(f)(3) for purposes of this case.

On May 1, 2004, respondent mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of levy), with respect to 1991. On May 9, 2004, petitioner submitted Form 12153, Request for a Collection Due Process Hearing. In his request, petitioner stated he disagreed with the amount of the tax liability and his attorney, Randall Bailey (Mr. Bailey), was prepared to negotiate an offer in compromise.

On May 21, 2004, respondent mailed a letter in response to petitioner's request for an administrative hearing, in which respondent stated: "Thank you for your inquiry dated May 9, 2004. We are investigating and will reply by Aug. 25, 2004". On July 14, 2004, respondent mailed another letter to petitioner informing him that respondent's Appeals Office would notify him of the date and time of his administrative hearing.

On December 21, 2004, respondent's Appeals Office mailed petitioner and Mr. Bailey the notice of determination sustaining the notice of levy. In the notice of determination, Settlement Officer Karen O'Neal found:

> In our letter dated September 10, 2004, and our follow-up letters dated October 28, 2004 and November 17, 2004, we asked you to contact us to schedule your Collection Due Process hearing. Since you did not contact our office, you offered no alternative to the proposed collection action. Therefore, we made our decision based upon the information in your case file and computer transcripts of your account history.

In response to the notice of determination petitioner filed his petition with this Court on January 21, 2005. Paragraph 4 of the petition stated:

> My tax matters are being handled by Mr. Randall Baily
> * * *, and is attorney of record. Brief Background [in the
> notice of determination] is incorrect Mr. Baily did contact
> Karen O'Neal (Employee ID No 91-07370) Left Message. Ms.
> O'Neal return[ed][his] call and left [a] message. Mr. Baily
> faxed information to Ms. O'Neal. Further Mr. Baily asked
> that case be put in inactive/non-collectable status for now
> since I have been disabled per Social Security Determination
> as of 10/21/01 and have not been employed since that time.
> * * * .

## OPINION

Petitioner contends respondent failed to prove petitioner's income tax liability was valid or allow him an opportunity for an administrative hearing within the meaning of section 6330(b). Consequently, petitioner contends respondent's determination to proceed with the collection action was erroneous and an abuse of discretion.

Petitioner disputed his 1991 income tax liability in Middleton v. Commissioner, supra, and the Court found him liable for the deficiency in tax, addition to tax, and penalty that respondent assessed on August 28, 2003. Therefore, petitioner is precluded from contesting his 1991 income tax liability. See sec. 6330(c)(2)(B); Behling v. Commissioner, 118 T.C. 572, 576-577 (2002).

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's

determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). The abuse of discretion standard requires the Court to decide whether the Commissioner's determination was arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166; Fowler v. Commissioner, T.C. Memo. 2004-163.

Petitioner contends he was not given an opportunity for an administrative hearing pursuant to section 6330(b). Generally, if a taxpayer requests an administrative hearing, the hearing will be held with the Commissioner's Appeals Office. Sec. 6330(b); sec. 301.6330-1(d)(1), Proced. & Admin. Regs. An administrative hearing will be conducted by an employee or officer of Appeals who, before the first hearing under section 6320 or section 6330, had no involvement with respect to the tax for the tax period to be covered by the hearing, unless the taxpayer waives this requirement. Sec. 6330(b)(3). An administrative hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. Sec. 301.6330-1(d)(2), A-D6, Proced. & Admin. Regs.

In determining whether petitioner received an administrative hearing, the Court considers section 301.6330-1(d)(2), A-D7,

Proced. & Admin. Regs., which provides:

> The taxpayer must be offered an opportunity for a
> hearing at the Appeals office closest to taxpayer's
> residence, * * * .  If that is not satisfactory to the
> taxpayer, the taxpayer will be given an opportunity for
> a hearing by correspondence or by telephone.  If that
> is not satisfactory to the taxpayer, the Appeals
> officer * * * will review the taxpayer's request for a
> CDP hearing, the case file, any other written
> communications from the taxpayer * * * and any notes of
> any oral communications with the taxpayer or the
> taxpayer's representative.  Under such circumstances,
> review of those documents will constitute the CDP
> hearing for the purposes of section 6330(b).

At trial, petitioner admitted he was aware Ms. O'Neal was respondent's representative handling his administrative hearing request before the receipt of the notice of determination. Petitioner asserted in his petition and testified that Mr. Bailey was in contact with Ms. O'Neal and Mr. Bailey attempted to have Ms. O'Neal place petitioner in noncollectible status and faxed some materials to her.

The record is clear, contrary to the statement in the notice of determination, that petitioner's representative, Mr. Bailey, contacted Ms. O'Neal.  However, petitioner admitted that he failed to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which Mr. Bailey had mailed to him and that Mr. Bailey did not submit an offer in compromise on his behalf.  Moreover, there is no evidence in the record which supports petitioner's statement that materials were faxed to Ms. O'Neal.  The only information Ms. O'Neal had

available to her to make a determination was what was already contained in the administrative record.

Petitioner's testimony clearly demonstrates he was granted an opportunity for an administrative hearing within the meaning of section 6330(b).  Even though he was not personally in contact with Ms. O'Neal, his attorney, Mr. Bailey was.  Additionally, Ms. O'Neal's review of petitioner's administrative file and computer transcripts of account reveals that respondent's determination was not arbitrary, capricious, or without sound basis in fact or law.  See Leineweber v. Commissioner, T.C. Memo. 2004-17; Mann v. Commissioner, T.C. Memo. 2002-48; sec. 301.6330-1(d)(2), A-D7, Proced. & Admin. Regs.

For the foregoing reasons, this Court holds that respondent's determination to proceed with collection was not an abuse of discretion.  Because petitioner did not raise a valid claim, such as a spousal defense or an alternative means of collection, such claims are deemed conceded.  See Rule 331(b)(4).

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be
entered for respondent.