T.C. Summary Opinion 2008-58

UNITED STATES TAX COURT

MARKO FILIPOVICH, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13302-06S.                    Filed May 21, 2008.

Marko Filipovich, pro se.

Mayer Y. Silber, for respondent.

GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code.

Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 2002 and 2003. Pursuant to section 6330(d), petitioner seeks review of respondent's determination. The issue for decision is whether respondent abused his discretion by sustaining the filing of a Federal tax lien.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Illinois.

Petitioner has a longstanding history of not paying his Federal income taxes. Specifically, petitioner failed to pay his Federal income taxes due for taxable years 1993 through 2003.

Petitioner filed his Forms 1040, U.S. Individual Income Tax Return, for 2002 and 2003 on August 11, 2003, and December 14, 2004, respectively, and the amounts reported due for those years, $4,991 and $11,337, respectively, were assessed.

A notice and demand for payment was mailed to petitioner within 60 days of each assessment as required under section 6303. In response, petitioner submitted an offer-in-compromise (OIC) on June 6, 2005. In his OIC petitioner offered $750 to settle in full his unpaid taxes for the years 1993 through 2003. On August

19, 2005, the Internal Revenue Service (IRS) rejected petitioner's OIC, and petitioner protested by letter received by the IRS on September 22, 2005. On November 10, 2005, respondent notified petitioner that his protest was untimely and that his file was being returned to the offer unit.

On August 19, 2005, Letter 3172, Notice of Federal Tax Lien Intent to Levy and Your Right to a Hearing under Section 6320 (notice of Federal tax lien), was mailed to petitioner with respect to the years at issue. The notice of Federal tax lien indicated that a Federal tax lien could be filed at any time. A notice of Federal tax lien was filed against petitioner on August 30, 2005, at the office of the Recorder of Deeds for DuPage County, Illinois.

On September 9, 2005, petitioner submitted Form 12153, Request for a Collection Due Process Hearing, in which he claimed that the notice of Federal tax lien was filed as an act of retaliation by the same Appeals officer who, he claimed, denied his OIC. Petitioner also claimed that sustaining the notice of Federal tax lien would "not be in the best interest of the government" and that it would impair his ability to find a job.

On October 7, 2005, petitioner filed a bankruptcy petition under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois. On January 30,

2006, the bankruptcy court granted a discharge of petitioner's Federal tax liabilities for taxable years 1993 through 2001.

On March 7, 2006, the collection due process hearing was held between petitioner and Appeals Officer Karin Banks (Ms. Banks), who had earlier mailed to petitioner a letter that listed the statutory requirements to obtain a withdrawal of a notice of Federal tax lien pursuant to section 6323(j).  During the hearing petitioner presented an account of his financial situation and reiterated his interest in making an OIC.  On the basis of her review of the financial information provided by petitioner, Ms. Banks did not extend an offer to settle the tax liabilities owed.

Petitioner did not offer any arguments as to why the notice of Federal tax lien should be withdrawn pursuant to section 6323(j).  Petitioner only reiterated his position that the Appeals officer who denied his $750 OIC filed the notice of Federal tax lien in retaliation.

On June 6, 2006, the Appeals Office in Chicago issued petitioner a notice of determination sustaining the filing of the notice of Federal tax lien and finding that none of the statutory requirements for withdrawal pursuant to section 6323(j) had been met.  In response to the notice of determination, petitioner timely filed his petition with this Court on July 11, 2006.

## Discussion

As this case does not concern petitioner's underlying Federal income tax liabilities, the Court's review falls under the abuse of discretion inquiry of section 6330. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). This standard requires the Court to decide whether respondent's rejection of petitioner's request to have the Federal tax lien withdrawn was arbitrary, capricious, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>Keller v. Commissioner</u>, T.C. Memo. 2006-166; <u>Fowler v. Commissioner</u>, T.C. Memo. 2004-163.

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for tax and any additions to tax, penalties, interest, and costs that may accrue in addition thereto if there has been a demand for payment and the person has failed to pay. <u>Iannone v. Commissioner</u>, 122 T.C. 287, 293 (2004). This lien arises at the date of the assessment. Sec. 6322. So that the Federal tax lien will take precedence over other liens or security interest, the IRS must file a notice of Federal tax lien. Sec. 6323(a); <u>Behling v. Commissioner</u>, 118 T.C. 572, 575 (2002).

Section 6323(j) provides in pertinent part:

> SEC. 6323(j). Withdrawal of Notice in Certain Circumstances.--

(1)  In general.--The Secretary may withdraw a notice of lien filed under this section * * * if the Secretary determines that--

(A)  the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B)  the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,

(C)  the withdrawal of such notice will facilitate the collection of the tax liability, or

(D)  with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Petitioner contends, for the following reasons, that Ms. Banks abused her discretion by failing to withdraw the notice of Federal tax lien:  (1) Under section 6323(j)(1)(C)--because the withdrawal of the notice would help facilitate the collection of tax; and (2) under section 6323(j)(1)(D)--because it serves no purpose other than to retaliate against petitioner and prevent him from securing a job.  For the reasons discussed infra, we disagree with petitioner.

At the outset, we note that although petitioner has not challenged the administrative procedures followed in the filing of the notice of Federal tax lien, we find that the notice of

Federal tax lien was not filed prematurely. The filing of the Federal tax lien took place after assessment and notice and demand, and at each step petitioner was properly notified.

Petitioner offered not one scintilla of evidence to show how the withdrawal of the notice of Federal tax lien would facilitate the collection of the liabilities owed. In fact, looking at the long history of petitioner's failure to pay Federal income taxes, coupled with his filing a petition for bankruptcy under chapter 7, it is obvious to the Court that the IRS would have no easier time collecting the liabilities without the filing of a notice of Federal tax lien than with it being filed. It is our opinion that the Appeals officer correctly determined that a withdrawal of the notice of Federal tax lien would not be in the best interests of the Government given petitioner's history of nonpayment and his financial status. Moreover, by sustaining the notice of Federal tax lien, respondent properly protected the Government's interests in petitioner's assets.

Petitioner also contends that an abuse of discretion occurred when Ms. Banks refused to accept a second OIC at the hearing. He claims that Ms. Banks's rejection of that OIC, based on her knowledge of his failure to pay past and current taxes, constituted an abuse of discretion. We disagree. In Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007), we held that a "Reliance on a failure to pay current taxes in rejecting a

collection alternative does not constitute an abuse of discretion." Moreover, during the hearing petitioner was never clear as to what amount he would be willing to pay to settle his outstanding liabilities. We view his demeanor at that hearing to be nothing more than uncooperative so as to prolong this matter and, accordingly, the time at which he would be finally required to pay the amounts owed.

As to petitioner's argument that the filing and sustaining of the notice of Federal tax lien was an act of retaliation by Ms. Banks, petitioner provided no specific evidence in support of this accusation. Moreover, we are not convinced that Ms. Banks was even the Appeals officer responsible for rejecting petitioner's original OIC. Even if she was, there is no evidence to support petitioner's contention that the notice of Federal tax lien filed against him was the result of a personal vendetta on the part of Ms. Banks. In short, we find petitioner's assertion that the notice of Federal tax lien was filed as a retaliatory act to be both inflammatory and without merit.

Petitioner did not offer any evidence pursuant to section 6323(j)(1)(D) to support his contention that the National Taxpayer Advocate determined that a withdrawal of the notice of Federal tax lien would be in the best interests of petitioner and the United States. The record contains a letter dated December 16, 2004, from the National Taxpayer Service in Chicago,

Illinois.  This letter does not contain any determination on the part of the National Taxpayer Advocate.  To wit, the letter was sent to petitioner long before the notice of Federal tax lien was filed.  The letter only relates information regarding what publications petitioner should refer to for an explanation of the collections process.

Finally, petitioner did not offer any evidence to support his contention that the withdrawal would allow him to secure a job.  This assertion is purely conjecture.

On our review of the record, we conclude that respondent's Appeals officer did not abuse her discretion in sustaining the notice of Federal tax lien.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.