T.C. Memo. 2003-177

UNITED STATES TAX COURT

FILOMENA PAHAMOTANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6311-02L.                    Filed June 17, 2003.

Filomena Pahamotang, pro se.

<u>Hieu C. Nguyen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  The controversy in this case involves the question of whether respondent is entitled to go forward with the collection of petitioner's outstanding and unpaid 1994 tax liability.  Respondent moved for summary judgment, and the motion was set for hearing at the Court's March 24, 2003, Los Angeles, California, trial session.  At the hearing, petitioner advised

the Court that she had no evidence to present and no additional arguments to add to those presented in her response to respondent's motion for summary judgment.

FINDINGS OF FACT

Petitioner and her husband filed their 1994 joint Federal income tax return on April 15, 1995, wherein petitioner's occupation was shown as "registered nurse".  Attached to the return were Forms W-2, Wage and Tax Statement, and a Form 1099-R, Distributions From Pensions Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting a total of $90,017.59 for wages and income payments to petitioner for the 1994 tax year.  Petitioner and her husband reported total joint wages of $105,265.  The 1994 joint return contained a $42,883 claimed loss on Schedule C, Profit or Loss From Business; a $3,000 capital loss on Schedule D, Capital Gains and Losses; a $12,821 loss on Schedule E, Supplemental Income and Loss; and $57,768 of itemized deductions on Schedule A, Itemized Deductions, resulting in no reported taxable income.  A refund of $12,067 was claimed, representing a claim for all of the income tax withheld and excess employment taxes.

Petitioner's 1994 return reflected her address as 1500 Adams Avenue, Apt. 105, Costa Mesa, CA 92626 (Adams Avenue address). During 1998, respondent was in communication with petitioner and was provided with a second address--P.O. Box 11774, Costa Mesa,

CA 92627 (P.O. Box address).  On April 7, 1998, respondent mailed duplicate statutory notices of deficiency to petitioner--one to the Adams Avenue address and the other to the P.O. Box address. In those notices for petitioner's 1994 tax year, respondent determined a $53,680 income tax deficiency and a $10,736 penalty under section 6662(a).[1]  The deficiency results from respondent's determination that petitioner was not entitled to certain claimed business and itemized deductions.  The notice sent to the Adams Avenue address was returned to respondent marked "Moved, Left No Address".  The notice sent to the P.O. Box address was not returned to respondent.

On June 23, 1998, respondent received a letter from petitioner indicating that she wanted to appeal respondent's determinations for 1994 and 1995.  Petitioner's letter attached a copy of the first pages of respondent's notices of deficiency for 1994 and 1995, but only for the notices sent to the P.O. Box address.  Petitioner's letter to respondent reflected her then current address as the P.O. Box address.  Petitioner did not petition this Court with respect to the 1994 notice, and on August 31, 1998, respondent assessed the income tax deficiency and penalty.

------

[1] Section references are to the Internal Revenue Code in effect for the period under consideration.

After petitioner failed to pay her 1994 income tax liability, respondent, by means of certified mail dated April 11, 2000, sent petitioner a Form 1058, Final Notice--Notice of Intent to Levy and Notice of Your Rights to a Hearing, as required under section 6330. Petitioner timely mailed to respondent a Form 12153, Request for a Collection Due Process Hearing, and a Form 8857, Request for Innocent Spouse Relief. In addition to the collection hearing, petitioner sought innocent spouse relief in the amount of $45,617. Along with the requests for collection hearing and spousal relief, petitioner submitted an attachment claiming that she "thought that the statutory period of limitations for tax assessment is three years from the time the [1994] tax return was filed. I never received any tax bill or assessment with the statutory time period."

On January 31, 2002, an Appeals officer issued a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under section 6015 for petitioner's 1994 tax year. In that notice, petitioner was granted $33,378 of partial relief leaving an unpaid income tax deficiency of $12,239 for 1994.

On January 29, 2002, another of respondent's Appeals officers sent petitioner a letter requesting financial information in order for respondent to consider collection alternatives, including an installment payment agreement.

Petitioner's hearing before Appeals was conducted via telephone conversations on February 5 and February 19, 2002, at which times collection alternatives for the $12,239 balance for 1994 were discussed. The Appeals officer also considered and allowed some itemized deductions for 1994.

Petitioner advised the Appeals officer during the February 19, 2002, telephonic conversation that she did not wish to further pursue collection alternatives until she sought review by the Tax Court of respondent's partial denial of relief from liability under section 6015. Petitioner did not submit her financial information to the Appeals officer.

On March 1, 2002, the Appeals office mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 concluding that respondent may proceed with collection of the remainder of petitioner's 1994 tax liability.

On March 19, 2002, petitioner filed a petition with this Court for review of respondent's determination to proceed with collection. In that petition she generally alleged that she disputed respondent's determination. On April 15, 2002, she amended her petition and specifically alleged error with respect to the underlying merits of the $12,239 balance for the 1994 year. No error was alleged with respect to respondent's determination under section 6015 or with respect to the adequacy

of the hearing with Appeals or the consideration of collection alternatives.

OPINION

There is no disagreement about any material fact, and the controverted issue involves a question that is ripe for summary judgment. Rule 121(b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" consists of the following elements: (1) An impartial officer will conduct the hearing; (2) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may be raised if the taxpayer did not receive a statutory notice of deficiency or otherwise receive an opportunity to dispute such liability. Sec. 6330(c).

Petitioner, in response to respondent's motion for summary judgment, advances three principal contentions. Her first contention is that the 3-year period for assessment of the tax had expired prior to the time (August 1998) that respondent

assessed the tax.  Petitioner relies on section 6501(a), which generally provides for assessment within a 3-year period. Petitioner, however, fails to understand that the April 7, 1998, mailing of notices of deficiency to her caused the period for assessment to be suspended and to remain open so as to permit the assessment.  The statute provides that the mailing of the notice within the 3-year period suspends the running of the 3-year period for a minimum of 150 days.  See sec. 6503(a)(1).

Petitioner's second contention is that Appeals should have permitted her to address the underlying merits of respondent's deficiency determination for 1994.  In that regard, section 6330(c)(2)(B) provides that a taxpayer may raise issues concerning the underlying tax liability in a proceeding under section 6330 where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).  Because petitioner received a notice of deficiency and did not petition this Court for relief, she was not entitled to contest the merits of the underlying liability at her section 6330 hearing.

Even though respondent was not required to consider the merits of the underlying tax liability for 1994, the Appeals officer did consider some of the underlying merits of the 1994 liability.  On that point, we have held that permitting a

taxpayer to offer information concerning the underlying liability does not constitute a waiver of the section 6330(c)(2)(B) requirements. Behling v. Commissioner, 118 T.C. 572, 577-579 (2002).

In the Behling case, we considered a situation where the Appeals officer received materials from the taxpayer concerning the underlying merits of the tax liability. Ultimately, the Appeals officer in Behling did not make any adjustments to the underlying liability. Under those circumstances, it was held that respondent did not waive the restrictions of section 6330(c)(2)(B). Behling v. Commissioner, supra at 579.

The circumstances in this case are, for all practical purposes, the same as those in Behling v. Commissioner, supra. Petitioner provided information that caused the Appeals officer to allow additional itemized deductions, thereby reducing petitioner's 1994 tax liability. The Appeals officer's agreement to consider a part of the merits, even though he was not required to do so, did not result in a waiver of the restrictions on petitioner with respect to the underlying merits of the 1994 tax liability. Accordingly, petitioner was not entitled to question the underlying merits of the 1994 liability.

Thirdly, petitioner contends that this Court should consider the denial of additional section 6015 relief from the 1994 tax liability. The question of whether this Court may review

petitioner's claim for relief as an innocent spouse is somewhat more complicated. In this case, respondent specifically reviewed petitioner's request for relief and granted $33,378 of the $45,617 in relief requested by petitioner. Petitioner asks this Court to review respondent's failure to grant relief with respect to the $12,239 balance.

With respect to petitioner's separate request for innocent spouse relief under section 6015, petitioner failed to make in her original and amended petitions to this Court a specific claim for relief from that determination. In that regard petitioner received two separate notifications from respondent, one advising that respondent would proceed with collection and the other granting in part and denying in part petitioner's request for relief under section 6015. In the original petition, petitioner generally requested review of respondent's determination without identifying which of the two determinations was in dispute. In an amended petition, however, petitioner specifically limited her request to review of the section 6330 notice to proceed with collection.

Under section 6330(c)(2), however, petitioner is entitled to raise certain issues, including spousal defenses. Consideration of spousal defenses thus was anticipated in the context of a section 6330 hearing. Therefore, our review will include

respondent's determination to partially grant and deny section 6015 relief to petitioner.

Petitioner engaged in an extensive dialog with two different Appeals officers, and she received consideration of all issues raised, even though some were not as a matter of right under section 6330(b). In addition to the assignment of one Appeals officer to provide a section 6330 hearing, respondent assigned a second Appeals officer to consider petitioner's claim for relief under section 6015. With respect to a section 6330 hearing, one Appeals officer granted some relief with respect to the underlying merits, even though petitioner was not entitled to question the underlying merits under section 6330. With respect to petitioner's claim for section 6015 relief, she was afforded $33,378 of the $45,617 in relief she requested. Petitioner asks this Court to review respondent's failure to grant relief with respect to the $12,239 balance, but she has provided no evidence or specific argument upon which we could hold that she is entitled to such relief. She received a substantial amount of relief from the outstanding 1994 income tax liability (approximately 75 percent of the relief she requested).

Petitioner was also offered a collection alternative in the form of installment payments, which she declined. Petitioner claims that respondent has abused his discretion because he did not consider additional questions as to the merits of the 1994

tax liability.  Under the circumstances of this case, petitioner was provided with a hearing and opportunity to be heard as contemplated within the meaning of sections 6320 and 6330. Accordingly, we hold that respondent is entitled to proceed with enforced collection activity of petitioner's 1994 income tax liability.

To reflect the foregoing,

An order and decision will be entered granting respondent's motion for summary judgment.