T.C. Summary Opinion 2010-13

UNITED STATES TAX COURT


JON MICHAEL ROGERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19156-06S, 13665-07S.    Filed February 16, 2010.


Jon Michael Rogers, pro se.

Terry Serena, for respondent.


THORNTON, Judge:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue in these cases is whether respondent is entitled to proceed with proposed levies to collect petitioner's unpaid 2004 and 2005 Federal income tax liabilities.

## Background

When the petitions were filed, petitioner resided in Kentucky.

In 2004 petitioner married Lisa C. Rogers (Mrs. Rogers). They soon began to have financial troubles, partly because of large credit card debts that Mrs. Rogers brought to the marriage. To help get their finances in order, petitioner encouraged Mrs. Rogers to file for bankruptcy, which she did on May 27, 2005. On September 14, 2005, she received a discharge in bankruptcy, but it did not cover her 2004 tax liability.

Petitioner's 2004 Tax Liability

On or before April 15, 2005, petitioner and Mrs. Rogers filed a joint Form 1040, U.S. Individual Income Tax Return, for 2004. Petitioner prepared the return. The return showed tax due of $20,059 before application of an $11,141 withholding credit and a $255 payment, resulting in an $8,663 underpayment.[2]

On February 11, 2006, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a

_____

[2]All dollar amounts are rounded to the nearest dollar.

Hearing with regard to the unpaid 2004 tax liability. On March 1, 2006, petitioner submitted Form 12153, Request for a Collection Due Process Hearing. On this form he indicated that he and Mrs. Rogers were separated pending divorce proceedings. He stated: "It is my understanding we began making $300.00 month installment payments on this debt in January '06. I have been sending her [Mrs. Rogers] money to do so. We would propose to continue to pay this debt in that manner." Petitioner checked a box on Form 12153 to indicate that he was requesting relief from joint and several liability on their joint return (innocent spouse relief) but did not, as the form directs, attach any Form 8857, Request for Innocent Spouse Relief.

On August 17, 2006, following a telephone hearing, respondent issued a notice of determination, sustaining the proposed levy. The notice of determination states:

> The Settlement Officer advised you there was no record of your being included on an installment agreement. You declined to establish an installment agreement during the hearing. You indicated you wanted to determine what happened to the payments you sent to your spouse to set up the installment agreement. You did not file Form 8857 for innocent spouse consideration and did not state you were not liable for the taxes. Since you did not propose an acceptable collection alternative, Appeals is unable to grant you relief from the Final Notice * * *.

On September 20, 2006, petitioner filed his petition at docket No. 19156-06S, seeking judicial review of this determination. On May 8, 2007, before the scheduled trial date,

petitioner submitted to respondent Form 8857 requesting innocent spouse relief for 2004. Upon respondent's motion, the trial date was continued to allow respondent's Innocent Spouse Unit to consider petitioner's request. On January 31, 2008, respondent's Appeals Office issued petitioner a notice of determination denying petitioner's request for innocent spouse relief for 2004.

Petitioner's 2005 Tax Liability

In the meantime, on April 15, 2006, petitioner filed his 2005 income tax return. He elected married filing separately status. The 2005 return showed $14,445 of tax due before application of an $8,571 withholding credit, resulting in a $5,874 underpayment. On April 21, 2006, petitioner submitted to respondent a Form 9465, Installment Agreement Request, proposing to pay $100 per month toward his unpaid 2005 liability.[3] He did not submit any required financial information with the request.

On November 13, 2006, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to the unpaid 2005 tax liability. On December 9, 2006, petitioner submitted Form 12153 requesting a hearing. As before, he checked a box on the form indicating that he was requesting innocent spouse relief. He stated that he was divorced and that his ex-wife "forced me to file married,

---

[3]Insofar as the record shows, respondent never agreed to this requested installment agreement. The record is inconclusive as to whether respondent ever processed it.

separate in 2005 which resulted in an unexpected liability for 2005." Claiming that one-half of his 2005 tax liability belonged to Mrs. Rogers, he stated that he wanted "to combine the matters in question for 2005 with those I have previously asserted for 2004". There was no Form 8857 attached to the Form 12153, but petitioner submitted one a few days later, on or about December 12, 2006.

On May 7, 2007, petitioner had a telephone hearing with a settlement officer. According to the settlement officer's notes: Petitioner acknowledged that his request for innocent spouse relief for 2005 was "incorrect"; the settlement officer offered petitioner an installment agreement for petitioner to pay $395 per month or, alternatively, a 90-day extension of time to pay, during which petitioner could try to set up a different installment agreement; and petitioner chose the latter option. Consistent with this understanding, on May 11, 2007, respondent issued a notice of determination, sustaining the proposed levy but suspending collection action until August 7, 2007, to provide petitioner the agreed-upon 90-day extension of time to pay. Petitioner timely petitioned the Tax Court.

## Discussion

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before making a levy on the person's property. At the hearing, the person may raise any

relevant issue relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2).  Once the Commissioner's Appeals Office issues a notice of determination, the person may seek judicial review in this Court.  Sec. 6330(d)(1).

In these proceedings, petitioner seeks two types of relief: (1) Innocent spouse relief pursuant to section 6015; and (2) a collection alternative.

A.   Innocent Spouse Relief

In general, married taxpayers may elect to file a joint Federal income tax return.  Sec. 6013(a).  After making the election for a year, each spouse is jointly and severally liable for the entire Federal income tax liability assessed for that year, whether as reported on the joint return or subsequently determined to be due.  Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs.  Subject to various conditions, an individual who has made a joint return with his or her spouse for a year may seek relief from the joint and several liability arising from that joint return.  There are three types of relief available under section 6015.  In general, section 6015(b) provides full or apportioned relief from joint and several liability; section 6015(c) provides proportionate tax relief to divorced or separated taxpayers; and in certain circumstances section 6015(f)

provides equitable relief if relief is not available under section 6015(b) or (c). If the Commissioner denies a taxpayer's request for relief under section 6015, the taxpayer may petition this Court to review the determination. Sec. 6015(e)(1)(A).

When petitioner filed his petition in docket No. 19156-06S, respondent had made no determination regarding innocent spouse relief for 2004 because petitioner had filed no Form 8857 for 2004. Subsequently, petitioner filed Form 8857 for 2004, and respondent issued a determination denying his request for innocent spouse relief. Treating that determination as a supplement to respondent's section 6330 determination, we conclude that we may review in this collection proceeding respondent's determination to deny innocent spouse relief. See Pahamotang v. Commissioner, T.C. Memo. 2003-177.[4]

Petitioner's contention, as best we understand it, is that he is entitled to innocent spouse relief for 2004 because he has not received credit for monthly payments that he claims to have made to Mrs. Rogers with the understanding that his payments

_____

[4]With respect to his 2005 liability, petitioner filed a Form 8857 a few days after filing his request for a sec. 6330 collection hearing. Respondent issued no separate determination with respect to petitioner's request for innocent spouse relief for 2005 and did not expressly address the issue in the sec. 6330 determination for 2005, apparently on the assumption that petitioner agreed he did not qualify for innocent spouse relief for 2005. Because petitioner was entitled to raise spousal defenses under sec. 6330(c)(2), we shall review petitioner's claim for innocent spouse relief for 2005 as part of our review of respondent's determination under sec. 6330 for 2005.

would be applied to their joint 2004 Federal income tax liability. He also claims that he is entitled to innocent spouse relief for 2005 because his 2005 deficiency would have been smaller if Mrs. Rogers had agreed to file a joint return with him for 2005.

We may quickly dispose of petitioner's claim for innocent spouse relief for 2005. By its terms, section 6015 applies only if an individual has made a joint return. Sec. 6015(a)(1). Because petitioner filed no joint return for 2005, section 6015 is inapplicable--indeed, it is not meaningful to speak of relief from joint and several liability for a year in which petitioner has no joint and several liability.

For 2004 the analysis is more complicated. Petitioner does not qualify for relief under section 6015(b) or (c) because the joint tax return reported the full amount of tax due, and therefore the liability is due to underpayment of tax, not understatement of tax. Accordingly, petitioner's sole avenue of relief is through section 6015(f). See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003).

A taxpayer who does not qualify for relief under section 6015(b) or (c) can be relieved from joint and several liability pursuant to section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1). In

determining the appropriate relief available under section 6015(f), we apply a de novo scope and standard of review.  See Porter v. Commissioner, 132 T.C. ___ (2009).

Rev. Proc. 2003-61, 2003-2 C.B. 296, prescribes guidelines for determining whether an individual qualifies for relief under section 6015.  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297, lists threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent agrees that petitioner has met these threshold conditions.

Once the threshold conditions have been met, relief will ordinarily be granted with respect to underpayments of tax if the requesting spouse satisfies the so-called tier 1 factors described in Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298. Respondent determined that petitioner failed to satisfy all these tier 1 factors, finding that petitioner had not established that he had no knowledge or reason to know that the tax would not be paid or that he would suffer economic hardship if relief were not granted.

If the requesting spouse does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, a determination may nevertheless be made under Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298, to grant relief.  Rev. Proc. 2003-61, sec. 4.03, contains a nonexhaustive list of so-called tier 2

factors that the IRS will consider in deciding whether to grant equitable relief under section 6015(f). Respondent found that numerous tier 2 factors weighed against petitioner, among them: Petitioner had reason to know that the tax would not be paid; petitioner was helping Mrs. Rogers file for bankruptcy when they filed their 2004 joint return; petitioner prepared the 2004 joint return and knew that he and Mrs. Rogers had a liability; petitioner has not complied with the tax laws going forward; and petitioner earned more than twice Mrs. Rogers' income and would not suffer economic hardship if relief were denied. The only factor that respondent found favored petitioner was that he was divorced.

Upon careful review of the record, and considering the evidence petitioner presented, we agree with respondent that petitioner is not entitled to innocent spouse relief under section 6015(f).[5]

---

[5]At trial petitioner produced a temporary order from the Family Court of Putnam County, W. Va., dated Nov. 27, 2007, indicating that petitioner paid Mrs. Rogers $2,400 to apply to their joint 2004 Federal income tax liability but that this amount was instead applied to her 2003 separate liability. The temporary order also states that the Family Court "will set a hearing after this to make * * * [petitioner] whole." Hence, while this evidence tends to corroborate petitioner's claims regarding his payments to Mrs. Rogers, it also suggests that he may have recourse to relief outside the tax system and will not suffer economic hardship if innocent spouse relief is denied.

B.    Collection Alternatives

Although petitioner was entitled to offer collection alternatives at his section 6330 hearings, there is no indication that he ever did so.[6]  To the contrary, the notice of determination for 2004 states that petitioner "declined to establish an installment agreement during the hearing."  The settlement officer did not abuse her discretion by not considering collection alternatives that petitioner had not raised.

Nevertheless, during the collection hearing with respect to petitioner's 2005 liability, petitioner and the settlement officer agreed that collection action would be suspended for 90 days after issuance of the notice of determination and that during this time petitioner could voluntarily pay his tax or propose an installment agreement covering all his outstanding Federal income tax liabilities.  According to the settlement officer's case notes:  "the levy would begin after the 90 days expire".  The notice of determination for 2005 reflects this understanding.

For the reasons previously described, we sustain respondent's determinations.  To give effect to the terms of the notice of determination for 2005 and the parties' apparent

---

[6]There is also no indication in the record that petitioner ever had any installment agreement in his own name.

understanding underlying it, we shall direct that respondent suspend the proposed levies for 90 days to give petitioner an additional opportunity, if he wishes, to voluntarily pay his outstanding liabilities or propose an installment agreement in the light of our holding today.

To reflect the foregoing,

<u>Appropriate orders will be issued</u>.